May Term,
## 1861.

SMITHSON
v.
DILLON.

</div>

---

## SMITHSON *v.* DILLON and Others.

A bill of particulars, with the names of the parties, is a sufficient cause of action before a justice of the peace.

That a term of Court, at which a judgment was rendered, was not held at the time prescribed by law constitutes a ground for the reversal of the judgment.

*Quære:* Whether this is the doctrine of the English Courts.

By the act of 1855, the terms of the Court of Common Pleas were fixed in *Blackford* county on the second *Mondays* of *January, April, July* and *October;* in *Delaware*, on the fourth *Mondays* of the same months; and in *Grant*, as to two annual terms, on the *Mondays* succeeding the Courts in the county of *Delaware*. The act of 1859 fixed the Court in *Delaware* on the first *Mondays* of the months named, to continue two weeks; and in *Blackford*, on the third *Mondays* of the same, and made no provision for *Grant* county.

*Held*, that as a literal construction of the two acts would require the holding of the Courts in the counties of *Blackford* and *Grant*, by the same judge, on the same day, the law of 1855 must be construed to be in force, as to *Grant* county, and to mean that the Court in that county shall be

May Term,
1861.

SMITHSON
v.
DILLON.

Thursday,
May 30.

holden on the *Mondays* succeeding the Courts in *Delaware*, as fixed by that law.

APPEAL from the *Grant* Common Pleas.

PERKINS, J.—Suit upon an account, commenced before a justice of the peace. A bill of particulars with the names of the parties constituted the cause of action, and was sufficient. The cause was appealed to the Common Pleas, and was tried at a term of the Court holden on and after the first *Monday* in *August*, 1860. An answer was filed, alleging that the Court was without jurisdiction, because it was not held at the time prescribed by law. The answer was rejected.

If the term was not held at the time prescribed by law, such holding has been already decided to constitute a ground for the reversal of a judgment rendered at such term. *McCool* v. *The State*, 7 Ind. 378. Whether this is the English doctrine, *quære*. See *Skelton* v. *Bliss*, 7 Ind. 78.

The counties of *Blackford*, *Delaware* and *Grant* were constituted originally, and continued to the time of the trial of this cause, a Common Pleas district.

The statute of 1853, prescribed the times of holding Court, as follows :

" In the county of *Blackford*, on the second *Mondays* in *January*, *April*, *July* and *October.*"

" In the county of *Delaware*, on the fourth *Mondays* in *January*, *April*, *July* and *October.*"

" In the county of *Grant*, on the *Mondays* succeeding the Courts in the county of *Delaware* in *January* and *July*," &c. Acts 1853, p. 41; Accord. Acts 1855, p. 71.

These acts did not fix a day for holding the *Grant* Common Pleas in *January* and *July*, but made it dependent upon the time fixed for holding the Court in *Delaware*, so that the Courts should not conflict, but directly succeed each other. This would seem to be proper, as both counties were in the same district, and the Courts in them to be held by the same judge.

In 1859, the Legislature enacted that the terms in *Blackford* county should commence on the third *Mondays* in *January*, *April*, *July* and *October ;* and that those of the

*Delaware* Common Pleas should commence on the first *Mondays* in *January*, *April*, *July* and *October*, and should continue two weeks at each term.   Acts 1859, p. 77.

No provision was made as to the *Grant* Common Pleas.

Here, then, we have an act of 1859, prescribing that the *Delaware* Common Pleas should commence on the first *Monday* in *July*, and continue till the third *Monday;* that the *Blackford* Common Pleas, to be holden by the same judge, should commence on the third *Monday;* and an act of 1855, that the Common Pleas of *Grant* county, to be holden by the same judge, should commence on the *Monday*, two weeks from the commencement of the *Delaware* Court, which would be the third *Monday*, the same day of the commencement of the *Blackford* Common Pleas.   Such is the natural construction of these statutory provisions; but this construction certainly does not meet the intention of the Legislature, because it produces an enactment requiring an impossibility, viz., that the same judge should hold two Courts, widely separate from each other, at the same time.

Does, then, the act of 1859 repeal altogether the provision of 1855, as to the *Grant* Common Pleas, on the ground of repugnancy?   This could scarcely have been the intention of the Legislature, because it leaves *Grant* county, annually, without two terms, at least, of the Court.

Another view: By the act of 1855, the *July* term of the *Delaware* Common Pleas commenced on the fourth *Monday* of that month, and continued two weeks.   This placed the *Grant* Common Pleas in *August;* and would still place it out of conflict with the *Blackford* or *Delaware* Courts, as fixed by the act of 1859.   Can we, then, construe the provision in the act of 1855, touching the holding of the *Grant* Common Pleas, to be in force, and limit the language in it, viz., that the *Grant* Common Pleas shall commence on the *Mondays* succeeding the *Delaware* Common Pleas, to the *Mondays* succeeding that Court, as held under the act of 1855?   This was the view acted upon by the Court below.

We think it will not strain the rules of construction beyond precedent, to uphold the action of the Common Pleas in the premises;   while it will probably accord with legislative

intention, and certainly with public practice and the interests of the community. The subject has been regulated by statute. for the future. On the evidence we can not reverse the case.

*Per Curiam.*—The judgment below is affirmed, with costs.

*J. H. Jones,* for the appellant.

*A. Steele* and *H. D. Thompson,* for the appellees.