Roach v. White.

Filed April 4, 1884.

———————◆———————

No. 10,986.

ROACH v. WHITE.

DESCENTS.—*Devise.*—*Estoppel.*—*Husband and Wife.*—The consent by a husband that his wife may devise her real estate to her child by a former marriage does not estop him from asserting title, after her death, to one-third of the premises, as given to him by section 2485, R. S. 1881.

From the Superior Court of Vigo County.

*I. N. Pierce* and *T. W. Harper*, for appellant.
*N. G. Buff* and *J. T. Pierce*, for appellee.

NIBLACK, J.—Complaint by John White against Mary Roach for the partition of real estate. The complaint charged that Bridget White, the late wife of the plaintiff, had died testate and seized of a part of a lot, particularly described, in the city of Terre Haute; that the said Bridget, by her last will and testament, had devised said real estate to the defendant; that, in virtue of the premises, the plaintiff had become the owner in fee of one undivided one-third part of said real

estate, and the defendant of the remaining undivided two-thirds, each as tenant in common with the other.

The defendant answered: *First*. In general denial. *Second*. By way of cross complaint, averring that the decedent, Bridget White, was the owner of the part of lot in controversy before she intermarried with the plaintiff; that she and the plaintiff had lived together as husband and wife for near twenty years, and had by their joint efforts during that time accumulated other real and personal property of the value of $5,000, the title to all of which had been placed in the name of the plaintiff; that no children were born to the decedent and the plaintiff as. the result of their marriage; that early in their married life they took the defendant, then a child only a few months old, "into their family, with a view, agreement and understanding" that they would provide for her a home until she arrived at full age, or got married, when she was to have a reasonable outfit with which to start in life; that the defendant was to remain in the family, and work and labor as a member thereof, until she became of age or got married as above stated; that the defendant remained in the family of the decedent and the plaintiff, doing all the work therein that she was able to do, until she arrived at the age of eighteen years; that in October, 1881, which was after she had arrived at that age, the decedent being in failing health, and desirous of doing something in her lifetime to compensate the defendant for her services, resolved to devise to her the part of the lot described in the complaint; that the decedent did accordingly, during said month of October, 1881, "with a full knowledge of all the foregoing facts on the part of the plaintiff, and with his full consent thereto," and by her last will and testament, devise said part of lot to the defendant, which last will and testament was duly admitted to probate after the decedent's death; that the defendant accepted the devise of said real estate to her as a full discharge of all claims against the decedent and the plaintiff for services and an outfit as a start in life, and went into, and has ever since

continued in, possession thereof, paying taxes, and making lasting and valuable improvements thereon. Wherefore the defendant demanded that her title be quieted.

A demurrer, for want of sufficient facts, was sustained to the cross complaint, and, at the trial which ensued, the court made a finding that the plaintiff was the owner in fee of one undivided third part of the real estate in litigation, and that the defendant was the like owner of the remaining two-thirds; also that the real estate was indivisible. Upon this finding the court decreed a sale of the real estate, ordered a division of the proceeds according to the respective interests of the parties as above stated, and appointed a commissioner to make the sale.

Error is assigned only upon the decision of the superior court sustaining the demurrer to the cross complaint.

By section 2485, R. S. 1881, it is enacted that "If a wife die testate or intestate, leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage."

The inference from this section manifestly is that the right of the surviving husband to one-third part of the real estate of which his wife has died seized is absolute, except in cases in which this right has been waived by some agreement, either antenuptial or postnuptial, or where he is restrained by some estoppel which he has imposed upon himself.

The appellee's knowledge that his wife desired to devise the real estate in question to the appellant, and his consent that she might do so, did not constitute either a waiver or an estoppel, and hence there was nothing charged in the cross complaint which restrained the appellee from asserting his claim to one-third of the real estate as surviving husband of his deceased wife. The facts as stated afford no pretence that there was any agreement on the part of the appellee to relinquish his inchoate interest in the real estate, or that there were any representations made by the appellee to the appellant tending to induce her to believe that he would assert no claim

to the real estate so devised to her; indeed, there was nothing in the appellee's consent that his wife might devise the real estate to the appellant inconsistent with the claim he now makes as the surviving husband, since his wife could not, by her will, deprive him of his one-third interest in her lands.

In principle the case of *O'Harra* v. *Stone*, 48 Ind. 417, decides this case adversely to the appellant. See, also, the case of *Adamson* v. *Lamb*, 3 Blackf. 446.

The judgment is affirmed, with costs.