Filed June 6, 1895.

———————◆———————

No. 1,511.

## THE ISLAND COAL COMPANY *v.* WRIGHT ET AL.

SUPERIOR COURT.—*Review in General Term.—Ruling on Demurrer.— Judgment Reversed.*—Where there are several affirmative paragraphs of answer, to all of which demurrers are filed, except the third, which are overruled, and plaintiff elects to stand by his demurrer to the first and second paragraphs of answer, and appeals from the judgment of the special term of the superior court, it is error for the general term to reverse the judgment simply because the demurrer to the first paragraph of answer should have been sustained.

SAME.—*Special Term.—Ruling on Demurrer. — Harmless Error.* — In view of the record, the overruling of the demurrer to the first paragraph of answer was harmless, and the general term should have affirmed the judgment of the special term, notwithstanding such error.

From the Marion Superior Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellant.

*H. C. Allen*, for appellees.

LOTZ, J.—The appellees brought this action in the Superior Court of Marion county, against the appellant, to recover damages for an alleged breach of contract.

The complaint was in two paragraphs. The defendant demurred to each paragraph, and its demurrers were

overruled. It thereupon filed its answer in seven paragraphs; the third being a plea of want of consideration, and the sixth a general denial.

To each of the remaining paragraphs plaintiffs demurred. Demurrers overruled.

Plaintiffs replied to the third, fourth, fifth, and seventh paragraphs of answer with a general denial, but this reply was afterwards withdrawn. Plaintiffs elected to stand upon their demurrer to the first and second paragraphs of answer, and the court, in special term, accordingly rendered judgment against them for failure to plead further thereto.

From this judgment they appealed to the court in general term, assigning as error the overruling of their demurrers to each paragraph of answer. Defendant joined in the appeal, assigning as cross-error the overruling of its demurrer to the two paragraphs of the complaint.

Upon these assignments of error and cross-error issues were formed and the general term proceeded to reverse the special term judgment upon the first and third paragraphs of answer, at the same time affirming it as to each of the other paragraphs, and also as to the two paragraphs of complaint. But here appears a grave oversight on the part of the court in general term, for the demurrer to the third paragraph never had any existence, and no demurrer to that paragraph of answer anywhere appears in the record. So that, as the record now stands, the demurrers to the two paragraphs of complaint, and to the second, fourth, fifth, and seventh paragraphs of answer are overruled, and the demurrer to the first paragraph of answer is sustained, and the third paragraph of answer stands, no plea thereto having ever been made, except the general denial, which was withdrawn. This appeal extends only to the sufficiency

of the two paragraphs of the complaint and of the first paragraph of the answer. .

Conceding without deciding that each paragraph of complaint is good, and that the first paragraph of the answer is bad, the inquiry arises whether or not the judgment of the general term of the Marion Superior Court reversing the judgment of the special term was harmful.

The Marion Superior Court, sitting in general term, is a court of errors. It determines whether or not there was error in the judgment and proceeding of the court sitting in special term. If the general term finds no reversible error it is its duty to affirm the special term. If it finds reversible error, it is its duty to reverse the judgment with instructions to the special term to proceed in accordance with its opinion.

The record discloses that the special term rendered judgment against the plaintiffs on the demurrers to the answer, because they elected to abide such rulings and refused to plead further.

The appeal to the general term brought in review the correctness of these rulings, and also of the cross-errors assigned. In order to determine whether or not the action of the general term was erroneous it is necessary to consider the case as presented to that court. Any paragraph of answer addressed to the whole complaint, when it is good and established by the evidence, is sufficient to defeat the cause of action. If several answers be filed, any one of which is admitted to be good, that puts an end to the litigation in that forum. If two paragraphs of answer be filed, and demurrers be overruled to each, the plaintiff may except to the rulings and reply to both and go to trial. But the plaintiff can not abide the ruling on demurrer as to one and reply and go to trial as to the other. There is no necessity for further pleading or for a trial in that event. A defense is ad-

mitted by the demurrer to the one paragraph which has already defeated the cause of action. The court must pronounce judgment upon the demurrer against the plaintiff. It is futile to plead or proceed further in the trial court. The plaintiff is already defeated by facts which his demurrer admits to be true, and which the court has ruled to be sufficient in law. His only remedy is by appeal. If, upon appeal, one paragraph be found to be good and the other bad, there is no occasion for a reversal, for the judgment pronounced is still right, and the only one that the trial court could render upon the record before it. *Morrison* v. *Kendall*, 6 Ind. App. 212.

So in this case, when the general term reached the conclusion that the first paragraph of answer was bad there were other paragraphs of answer in which the facts stated were admitted to be true by the demurrers and which the court determined to be good defenses in law. To make the matter more apparent, suppose the special term or trial court had sustained instead of having overruled the demurrer to the first paragraph of answer. That would be a ruling in favor of the plaintiff, and of which he could not complain. This paragraph would then be out of the case. The next action of the court would be to render judgment on the demurrers to the other paragraphs of answer. This is exactly the condition the record would have been in had the case gone back to the special term from the general term.

It would be an idle proceeding to reverse the case with instructions to sustain the demurrer to the first paragraph and then render judgment for the defendant on demurrer to the other paragraphs. Judgment had already been rendered in favor of the defendant on those paragraphs, and the determination of the court in general term that the first paragraph was bad should not affect the judgment in the least. When a judgment is

reversed it is set aside, overthrown, and destroyed. A result like this should not take place except for good and substantial causes.

It is true that in this case the defendant might have permitted the cause to be certified back to the special term and then demanded judgment upon demurrer, and perhaps it would be in the discretion of the special term to permit the plaintiffs to withdraw their election to abide by the ruling on the demurrers to the other paragraphs of answer, and reply thereto, and form issues upon which a trial might be had. That course would prolong the litigation, whilst the policy of the law is to put an end to it speedily.

Although there may have been error in the record as it came to the general term, the error was harmless. The general term overturned a valid judgment for an insufficient cause. It should have affirmed the judgment, notwithstanding the error in overruling the demurrer to the first paragraph of answer. The defendant had obtained a judgment, a solemn adjudication, which should not have been treated lightly. He was entitled to have the litigation terminated upon the record of the case as presented to the general term. The fact that there was no demurrer or reply to the third paragraph of answer is a matter of which the plaintiffs can not complain. If none were filed, it was their own fault. There was no trial, and there is no presumption that a reply was filed.

Had they filed a reply to this paragraph, they would not have been entitled to go to trial thereon with their election to abide the ruling on demurrer to the other paragraphs. There was nothing to try; they were already defeated.

The general term erred in overturning a valid judgment for an insufficient cause. Its judgment was erroneous, and the error was substantial and hurtful.

The judgment of the general term of the Marion Superior court is reversed, with instructions to affirm the judgment of the special term.

Judgment of the special term is hereby affirmed.

