KEYS ET AL. *v.* WRIGHT ET AL.

[No. 19,476.   Filed April 23, 1901.]

WILLS.—*Contest.*—*Election.*—*Estoppel.*—Devisees to whom had been devised certain real estate in severalty,. and who had, immediately after the will was probated,· with full knowledge of the mental condition of the testatrix 'at· the time the will was executed, and of the manner in which it was executed, taken possession of such real estate, and remained in possession continuously thereafter, will be held to have elected to take under the will and to be estopped from assailing the validity of the will on the ground that the testatrix was of unsound mind, or that the will was unduly executed. *pp. 521, 522.*

PRACTICE.—*Pleading.*—*Answers.*—*Demurrers.*—In a will contest. the defendants pleaded in separate paragraphs two affirmative defenses. Demurrers to these answers for want of facts having been overruled, judgment was 'entered on plaintiffs refusal to reply. *Held,* that the plaintiffs, by the filing of the demurrers and by the refusal to reply, admitted the truth of each paragraph, and that if one of the answers stated a good defense, it was unnecessary for the court on appeal to determine the sufficiency of the other. *pp. 521-523.*

From the Clark Circuit Court. *Affirmed.*

*George H. D. Gibson,* for appellants.

*M. Z. Stannard* and *W. H. Watson,* for appellees.

BAKER, J.—Appellants brought this action to contest the will of Hannah Moore on the grounds that the testatrix was of unsound mind and that the alleged will was unduly executed. Appellees pleaded two affirmative defenses: (1) That each appellant was given by the will certain real estate in severalty, and immediately after the will was probated entered under the will into possession of the realty so devised, and has ever since remained in possession, enjoying the rents and profits; and (2) that each appellant was given by the will certain real estate in severalty, and immediately after the will was probated, with full knowlededge of the mental condition of the testatrix at the time the will was executed and of the manner in which and the cir-

cumstances under which the will was executed, entered
under the will into possession of the realty so devised, and
has ever since remained in possession, enjoying the rents
and profits. Appellants' demurrers to these answers for
want of facts having been overruled, judgment was entered
on appellants' refusal to reply.

The second answer shows a deliberate election to take
under the will; and this election precludes appellants from
assailing the will's validity. *Lee* v. *Templeton,* 73 Ind.
315; *Test* v. *Larsh,* 76 Ind. 452; *Floyd* v. *Floyd,* 90 Ind.
130; *Palmerton* v. *Hoop,* 131 Ind. 23; *Wilmore* v. *Stetler,*
137 Ind. 127, 45 Am. St. 169; *Holland* v. *Spell,* 144 Ind.
561; *Wilson* v. *Wilson,* 145 Ind. 659; *Lee* v. *Tower,* 124
N. Y. 370.

Whether or not the first answer is good is made a moot
question by the state of the record. The judgment against
appellants for their refusal to reply to the second answer
is unquestionably correct. Their refusal to reply confirmed
their admission of the truth of the averments in the second
answer. They assert that the first is bad on account of the
omission of the allegation of knowledge, which is the only
allegation of the second answer that is not in the first. It
is idle to decide whether or not appellants' acceptance of the
devises, without knowledge of the testatrix's mental un-
soundness and the manner in which and the circumstances
under which the will was executed, would defeat their ac-
tion, when the record shows a judgment against them on
their confession that they had such knowledge. If they had
denied the answers and if there had been a general verdict
for appellees, the judgment on such verdict would have to
be reversed if the first answer was bad, because the record
would not show that the jury had found the additional alle-
gation of knowledge in the second answer to be true. But if
there had been a special verdict in which all the averments
of the second answer were found to be true, the judgment
would not be reversed even if the first answer was bad.

*Gunder* v. *Tibbits,* 153 Ind. 591; *State* v. *Parsons,* 155 Ind. 67; Ewbank's Manual §257. Surely, a finding of the jury can not be more binding upon appellants than their own solemn admission on the record.

Judgment affirmed.