## PEARSON v. KEPNER ET AL.

[No. 3,867. Filed February 25, 1902. Transfer denied May 3, 1902.]

HUSBAND AND WIFE.—*Mortgage of Wife's Lands.* – *Death of Wife.*— *Husband's Interest.*—*Judicial Sale.* — *Partition.*— Where a husband joined his wife in the execution of a mortgage on her land in which he expressly agreed to pay the sum of money thereby secured, and was made a party to a proceeding by her administrator for the sale of the land to pay the mortgage debt, and other liens, he is precluded from afterward claiming, in a partition proceeding, that the probate court had no jurisdiction to sell all of the land thus mortgaged.

From Miami Circuit Court; *J. T. Cox*, Judge.

Suit by Ira Pearson against Amos A. Kepner and others for partition. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*W. E. Mowbray*, for appellant.
*N. N. Antrim*, for appellees.

ROBINSON, P. J.—Appellant sues for partition. It appears from an answer and cross-complaint, to which demurrers were overruled, that Rhoda G. Pearson died intestate August 18, 1897, leaving as her only heirs, appellant, her husband, and four children, named. She owned in fee a tract of land worth $3,300, upon which, at her death, was a mortgage, in which the husband had joined, for $2,400.35, and a tax lien for $21.49. The administrator of her estate, upon application to the circuit court, to which appellant was made a party, duly served with process, and defaulted, obtained an order to sell the land to discharge the liens, and did sell the same, pursuant to the order, at the appraised value, at private sale, to appellee Kepner, for $3,300 cash. The sale was approved, deed made and approved, and $2,421.84 of the purchase money paid in discharge of the lien. After Kepner purchased the land, he and his wife executed a school-fund mortgage on the same to secure a loan of

$1,400. The question presented is whether the circuit court had jurisdiction of the husband's one-third interest in the proceeding by the administrator to sell her land to pay debts.

Section 2642 Burns 1894, provides: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage: Provided, if the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which election shall be made within ninety days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases."

Upon the death of Rhoda G. Pearson, intestate, one-third of her real estate descended to her husband, appellant, and the title thereto, by operation of law, vested in him in fee simple. Aside from any specific liens, he took this one-third free from the claim of her creditors, except it was still subject to its proportion of the debts of the wife contracted before marriage. This liability of the husband for the wife's debts contracted by her before marriage existed at common law to the extent of the property received by him through her, but the liability terminated at her death. The statute continues his liability after the wife's death to the extent of the property he receives through her. The liability now existing is purely a statutory one. See *Hetrick* v. *Hetrick,* 13 Ind. 44; *Shore* v. *Taylor,* 46 Ind. 345.

The above section is the amended act of March 4, 1891; the amendment consisting of the proviso. In *Roach* v. *White,* 94 Ind. 510, in construing §2485 R. S. 1881, which is section 2642, *supra,* with the provisio omitted, the court said: "The inference from this section manifestly is that the right of the surviving husband to one-third part of the real estate of which his wife has died seized is absolute, except in cases in which this right has been waived by some

agreement, either antenuptial or postnuptial, or where he is restrained by some estoppel which he has imposed upon himself." See, also, *O'Harra* v. *Stone,* 48 Ind. 417; *Noble* v. *Noble,* 19 Ind. 431; *Huffman* v. *Copeland,* 139 Ind. 221; *Clark* v. *Clark,* 132 Ind. 25.

The answer and cross-complaint show that the wife executed the note, and that the husband joined her in the mortgage, and that in the mortgage "plaintiff [the husband] expressly agreed to pay the sum of money thereby secured." A surviving husband who has joined with his wife in a mortgage of her land should be held to occupy a different position from that of a surviving wife who has joined with her husband in a mortgage of his lands. His mortgage would be valid for two-thirds of the land without her signature, while her mortgage without his signature would be void. Her mortgage upon her land could have no validity until the husband signed it. His signature gave to it its validity. In it he agrees to pay the mortgage debt. Having given the mortgage validity by his signature, and having promised to pay the debt, and having been given notice of the proceeding to sell the land to pay this debt, with others, he is precluded now from claiming that the probate court had no jurisdiction to sell all the land thus mortgaged.

Judgment affirmed.