## HERBERT *v.* RUPERTUS ET AL.

[No. 4,468.   Filed October 30, 1903.]

HUSBAND AND WIFE.—*Mortgage of Wife's Land for Living Expenses.—Husband's Debt.*—A husband and wife executed a note for money which was used in part to pay living expenses and in part to pay the expenses of the wife's last illness, she being sick at the time. They also executed a mortgage on the wife's real estate to secure the note. After the wife's death, and by agreement of all the parties concerned, the administrator of the deceased wife's estate sold the said real estate to pay the mortgage lien. *Held,* that the one-third of the fund derived from the sale which under the statute descended to the husband should be first applied to the satisfaction of the mortgage debt.

From Vanderburgh Circuit Court; *A. C. Hawkins,* Judge.

Suit by Walton N. Wheeler, administrator with will annexed of the estate of Anna N. Slinghart, deceased, against Peter Herbert and others to sell real estate to pay debts. From a judgment for plaintiff, defendant Herbert appeals. *Affirmed.*

*W. W. Ireland* and *William Reister,* for appellant.
*S. R. Hornbrook* and *W. M. Wheeler,* for appellees.

ROBY, J.—The special finding herein shows the following facts: Appellee Wheeler is the administrator with the will annexed of Anna M. Slinghart, who departed this life August 15, 1901, testate, the owner of the west half of lot six, block eighty-one, in the city of Evansville. Fred L. Slinghart was the husband of the deceased, and they

were living together at the time of her death. Within ninety days after the will of said Anna M. was admitted to probate, the husband duly elected to take under the law. On October 25, 1901, he executed a warranty deed to appellant for the one-third part of the said real estate. Thereafter said administrator filed his petition to sell said real estate, making appellant a party, and it was agreed by all the parties to the proceeding that the sale be made, and that the right of each one to assert his claim to any portion of the proceeds be postponed until such sale was made and the proceeds thereof in the hands of the administrator. Thereafter the property was sold for $810, sale approved, and cause continued in order to adjudicate the rights of the respective parties to the fund. There was a mortgage lien against said real estate of $371.25, such mortgage having been executed by Anna M. and Fred Slinghart, who were husband and wife at the time. Two-thirds of the proceeds of the sale is sufficient to pay said mortgage. There are no claims filed, contracted before the marriage of said Anna M., who had no other property. The real estate was occupied by her and her husband as a home. The mortgage was executed to secure a loan of money which was used to pay living expenses and the expenses of decedent's last illness, she being then sick, and other incidental expenses, all of which were for family necessaries, the husband receiving the benefit of said loan by the payment of such debts and expenses. The notes given therefor were not signed by the husband. The mortgage contained a clause as follows: "And the mortgagor expressly agrees to pay the sum of money above secured," etc. Such mortgage was duly recorded eight months prior to the time that the deed was executed to appellant, who bought with full knowledge thereof. Claims against said estate are pending to the amount of $275, and Fred Slinghart is an insolvent nonresident.

Upon these facts the court stated as conclusions of law that, as between the parties, the mortgage debt was the debt of the husband; that the real estate appellant acquired from the husband was liable for its proportion of the mortgage debt. From a judgment in accordance with such conclusions the appeal is taken.

Upon the death of the wife testate or intestate one-third of her real estate descended to the husband, subject to its proportion of her debts contracted before marriage. §2642 Burns 1901. The estate thus acquired by him is not subject to the payment of the general debts of the deceased wife. *Kemph* v. *Belknap,* 15 Ind. App. 77; *Roach* v. *White,* 94 Ind. 510. The right conferred by the statute is absolute, except when it has been waived by agreement, or when the husband has estopped himself from claiming it. *Roach* v. *White, supra; O'Harra* v. *Stone,* 48 Ind. 417. The husband who by joining with the wife enables her to mortgage her estate, as she could not otherwise do, said mortgage containing an agreement to pay the debt secured, is estopped from denying the jurisdiction of the court to sell all the land thus mortgaged. *Pearson* v. *Kepner,* 29 Ind. App. 92. The husband owes to the wife the duty of supporting and maintaining her. *Arnold* v. *Brandt,* 16 Ind. 169; *Nelson* v. *Spaulding,* 11 Ind. App. 453.

Distribution of the fund; under the issue, depends upon the equities of the various claimants. Appellant is entitled to the husband's share. The appellee administrator is the representative of the wife. The relation of these two to the debt secured by the mortgage is therefore open to inquiry. *Johnson* v. *Jouchert,* 124 Ind. 105, 8 L. R. A. 795. Suretyship is a fact collateral to the main contract. The rights and liabilities sustained by the husband and wife to the debt do not depend upon the form in which it was evidenced.

When two persons are jointly liable for the same debt, and as between themselves the debt is the debt of one of them, that one is regarded as principal and the other as surety. The inquiry is, who received the consideration, and who, according to the arrangements actually made, ought to pay the debt? *Lackey* v. *Boruff,* 152 Ind. 371, 376; *Sefton* v. *Hargett,* 113 Ind. 592; *Porter* v. *Waltz,* 108 Ind. 40.

The special finding shows that the husband received the benefit of the loan to secure which the mortgage was executed, and he expressly agreed to pay the "sum of money so secured." As between him and the wife, compelled to mortgage her home to pay debts and expenses for which it was the duty of the husband to provide, it can not be doubted that the equity was with her, and consequently is with her administrator. That portion of the fund derived from the sale of the real estate descending to the husband should have been first applied to the satisfaction of the mortgage debt. Pomeroy, Eq. Jurisp. (2d ed.), 1417.

The order of distribution was more favorable to appellant than the facts warrant. Judgment is affirmed.