## WILLIAMS *v.* WOOD ET AL.

[No. 8,185. Filed May 7, 1915. Rehearing denied October 7, 1915. Transfer denied November 5, 1915.]

1. APPEAL.—*Review.*—*Ruling on Demurrer.*—By demurring to appellees' cross-complaint and to the third, fourth and fifth paragraphs of answer, appellant, for the purposes of the demurrers, admitted the truth of the facts well pleaded in each of such pleadings, so that on the overruling of such demurrers appellant's refusal to plead further necessitated the pronouncing of judgment on the facts pleaded, and, even though the court erred in sustaining the demurrer to the fourth and fifth paragraphs of answer, such judgment must stand, in view of the sufficiency of the cross-complaint and of the third paragraph of answer to withstand the demurrers addressed to them. p. 73.

2. HUSBAND AND WIFE.—*Administrator's Sale of Lands of Deceased Wife.*—*Jurisdiction.*—*Rights of Surviving Husband.*—While a circuit court has general jurisdiction to order the sale of lands in proper proceedings, it exceeds its authority in an ordinary case by directing the sale of the lands of a surviving husband to pay the debts of his deceased wife's estate, and such action will not stand as against a direct attack. p. 74.

3. HUSBAND AND WIFE.—*Administrator's Sale of Lands of Deceased Wife.—Rights of Surviving Husband.*—A surviving husband was properly precluded from recovering in an action against persons claiming under an administrator's sale of his wife's lands, brought to quiet title and for possession of one-third of such land, where it appeared that he was a party to the administrator's petition, and properly served and defaulted, that the court ordered the sale of the wife's land as a whole, including his interest therein, for the payment of the wife's debts, including certain mortgages in which he had joined, and that there was nothing in such petition to show that he as such surviving husband in fact became the owner of any part of the lands of which his wife died the owner. p. 74.

4. HUSBAND AND WIFE.—*Lands of Deceased Wife.—Rights of Surviving Husband.*—It does not conclusively follow from the fact that a wife dies intestate the owner in fee of certain real estate, and leaving a husband surviving, that he, as such surviving husband, inherits from her any interest in such land. p. 74.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Henry Williams against Edward F. Wood and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*G. E. Ross,* for appellant.
*Cox & Andrews,* for appellees.

CALDWELL, J.—Appellant's complaint is in three paragraphs. In each paragraph he alleges that he is the owner of the one-third part of a certain 60-acre tract of land in Miami County, and that appellees, Edward F. and Sarah (or Sallie) Wood, and William P. and Mary E. Rarey claim to own the remaining two-thirds. By the first paragraph he seeks to recover one-third of the rents and profits of said lands from 1894; by the second paragraph, he seeks to quiet his title to said one-third, and by the third paragraph he prays partition. Before judgment the cause was dismissed as to Rarey and Rarey, leaving as defendants appellees Wood and Wood. Demurrers to appellees' cross-complaint, and third, fourth and fifth paragraphs of answer were over-

ruled, and sustained to the first and second paragraphs. Appellant elected to abide said adverse ruling, and failing to plead further, judgment was rendered that he take nothing by his complaint, and that appellees' title to the whole of said land be quieted, as prayed in the cross-complaint.

Error is assigned on the overruling of the demurrers. The third paragraph of answer and the cross-complaint, each of which is lengthy, are practically identical in averments. In each of them the facts are set out, by virtue of which appellant claims to be the owner of said one-third, and by which appellees claim to be the owners of the whole of the lands. The essential features of said paragraph of answer and said cross-complaint are as follows: That in March, 1893, Eliza Jane Williams died intestate, owning in fee the tract of land, and leaving surviving her, as her only heirs at law, the appellant, her husband, and Leslie Williams and certain other children. There are set out in detail the proceedings by which said lands were sold at an administrator's sale, for the purpose of paying the debts of the estate of said Eliza Jane Williams, said Rarey and Rarey being the purchasers for the sum of $1,850. The petition, order and report of sale and administrator's deed described said lands as a whole, rather than the undivided two-thirds or any other part thereof. The administrator's petition for an order to sell the lands alleged that Eliza Jane Williams died intestate; that appellant, as her husband, and said children survived her; that she owned the land in fee simple, and that she left no personal estate. The existence of debts against said estate is alleged as follows: "The claims against said estate are, amount due Shirk estate $1,160; amount due ditch lien $372; funeral expenses and expenses of last sickness about $100; taxes due about $25."

There is no allegation in the petition on the subject of whether any part of said lands descended to appellant on the death of his wife, or whether he owned any interest therein, except the averment that appellant survived said Eliza Jane Williams, as her husband, and there is no specific allegation showing either the right or the necessity of selling any such interest owned by appellant. The prayer of the petition is for an order to sell the lands, alleged to be of the value of $2,500. Appellant and said children were made parties to said proceeding, and were properly served with notice. Appellant, having made no appearance, was defaulted. By proceedings regular in form, the court entered an order directing the sale of the land specifically described as a whole.

As indicated, it further appears from the paragraph of answer and said cross-complaint that the notice of sale was to the effect that the lands described as a whole, would, at a named day, be offered for sale; that the report of sale was to the effect that the lands described as a whole had been sold to Rarey and Rarey, and that the administrator's deed was to the effect that the administrator by order of court did thereby convey the lands described as a whole, to the purchasers. It is further alleged in each of the pleadings that the entire sum realized from the sale of the land was applied in discharge of the debts of the estate; that included in the debts so paid were two items secured by mortgage on the lands sold; that the first of the mortgages was executed by the decedent and appellant on November 3, 1891, to secure notes in the original sum of $1,400, executed by decedent to Milton Shirk, executor, for an unpaid balance of the purchase price of the land; that the second of the mortgages was executed by appellant and decedent

to the executor on October 10, 1892, to secure a promissory note executed by decedent for $350; that in all $1,591.44 of the selling price was applied in paying the balance due on the mortgage indebtedness; $24.54 in payment of taxes and gravel road liens against the lands; $112.42 in payment of expenses of administration, and that the balance was applied on said funeral expenses and expenses of last sickness. It is further alleged that on the execution of said deed, said Rarey and Rarey entered into possession of the whole of the land, and continued in such possession until a subsequent date, when they sold and by deed conveyed the whole of the lands to appellees, who thereupon took and have ever since held the peaceable possession of the lands, by virtue of said deeds, and that all the rents and profits received by appellees from the lands were so received as owners.

Appellant, by demurring to said cross-complaint, and to the third, fourth and fifth paragraphs of answer, admitted the truth of all facts that 1. were well pleaded in each of such pleadings. Such admission, however, was only for the purposes of the demurrers. Having met with an adverse ruling on each of the demurrers, appellant then elected to abide the ruling of the court, and refused to plead further. It, therefore, became the duty of the court to pronounce judgment on the facts averred. Each of the paragraphs of answer was pleaded in bar of appellant's causes of action, as contained in the three paragraphs of complaint. If it should be true that the facts averred in the fourth and fifth paragraphs of answer are insufficient to defeat appellant's causes of action as pleaded by his complaint, and if it should be held that the court erred in its ruling on the demurrers to such paragraphs of answer, or either of them, still the

facts pleaded by the third paragraph of answer must be reckoned with. If such facts are sufficient to defeat each and all of appellant's causes of action, as pleaded, then the judgment of the court was right, and it becomes immaterial whether the court's rulings on the demurrers to the other paragraphs of answer were correct. A like conclusion is inevitable, if the facts pleaded by said cross-complaint state a cause of action. *Island Coal Co.* v. *Wright* (1895), 12 Ind. App. 640, 40 N. E. 1114; *Morrison* v. *Kendall* (1893), 6 Ind. App. 212, 33 N. E. 370; *Keys* v. *Wright* (1901), 156 Ind. 521, 60 N. E. 309; *State, ex rel.* v. *Hall* (1909), 173 Ind. 145, 89 N. E. 855. The question of the sufficiency of the third paragraph of answer and of the cross-complaint is, ruled by *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710, which in effect materially modifies prior decisions of the Supreme Court, and under the authority of such decision, the judgment here must be affirmed.

A circuit court has general jurisdiction to order the sale of lands in proper proceedings. It may be conceded, however, that a court exceeds the 2. limit of its authority when in any ordinary case it directs the sale of the lands of the surviving husband, for the purpose of paying the debts of his deceased wife's estate, and that any such action on the part of the court will not stand as 3. against a direct attack by appeal, proceeding to review, or other like procedure. The attack here, however, is collateral, rather than direct. Moreover, it did not appear in said proceeding that appellant, in fact, as such surviving 4. husband became the owner of any part of the lands of which his wife died the owner, and the court did not so find. From the fact that the wife died intestate, the owner in fee of the lands, leaving

appellant surviving her, as her husband, it does not conclusively follow that he thereby inherited from her any interest in the lands. If such a husband has abandoned his wife, under the circumstances set forth by §§3035, 3036 Burns 1914, §§2497, 2498 R. S. 1881, he takes no part of her estate. Also the husband may waive his rights in his wife's estate by either an antenuptial or a postnuptial agreement, or he may estop himself from asserting such rights, whereby, on the full presentation of all the facts, the court may properly direct a sale of the entire title to the lands of which the wife died the owner, and in such a case, the court's action would stand, even as against a direct attack. *Pearson* v. *Kepner* (1902), 29 Ind. App. 92, 63 N. E. 38; *Roach* v. *White* (1884), 94 Ind. 510. In the case at bar, while the petition to sell lands did not disclose such fact, it appears that appellant had joined his wife in the execution of certain mortgages on the lands, and that a large part of the proceeds of the sale was applied in the discharge of such mortgage indebtedness. In such a case, where the court directs the sale of such lands, including the husband's interest therein, for the purpose of paying the debts so secured, the husband is precluded from denying the power of the court to direct the sale, even where the court's action is assailed in a direct proceeding to that end. *Pearson* v. *Kepner, supra; Herbert* v. *Rupertus* (1903), 31 Ind. App. 553, 68 N. E. 598. The proceedings for the sale of the lands do not affirmatively disclose whether the court in fact determined the existence of any of such exceptional circumstances, which, if existing, would preclude appellant from inheriting any part of said lands on the decease of his wife, nor does it affirmatively appear whether the existence of the mortgages in the execution of which appellant joined, and which showed an apparent necessity to

sell the lands, was a potent factor in determining the scope of such order.

We would not be understood as indicating that the special circumstances to which we have called attention as possibly or probably existing in the case at bar, and which may or may not have influenced the court's action in directing the sale of the whole of said lands, are necessary in order that this case may be brought within the scope of *Stone* v. *Elliott, supra.* We merely illustrate that there are circumstances under which the court has direct statutory authority, and authority based on waiver and estoppel to direct the sale of the entire title to the deceased wife's estate, for the purpose of paying the debts of her estate, and as against the positive and direct attack of the husband on the proceedings. It follows that the case at bar would come within the rule announced in *Stone* v. *Elliott, supra,* even were that decision substantially narrower than it is. On authority of that case, the judgment is affirmed.

NOTE.—Reported in 107 N. E. 683. As to the effect of quashing writ on execution sale, see 15 Am. Dec. 92. See, also, under (1) 31 Cyc 326, 333, 351; (2) 18 Cyc 691; (3) 18 Cyc 797.