BUCKEL ET AL. *v.* AUER ET AL.

[No. 9,648.   Filed October 17, 1918.]

1. APPEAL.—*Review.—Ruling on Demurrer to Answer.*—Where judgment was rendered against the plaintiff on his refusal to plead further after his demurrers to paragraphs of answer were overruled, the judgment must be affirmed on appeal if one sufficient paragraph of answer was addressed to each paragraph of complaint, even though the ruling were erroneous as to other paragraphs. p. 324.

2. ESTOPPEL.—*Quitclaim Deed.*—Though the general rule is that a quitclaim deed does not estop the grantor from ascertaining an after-acquired interest in the lands therein described, a recital in a deed without covenants, in substance, that the grantor thereby intends to convey an interest specifically described and identified may be effective, through the principle of estoppel, to convey an after-acquired interest.   p. 325.

3. ESTOPPEL.—*Quitclaim Deed of Husband.—Interest Conveyed.*— A quitclaim deed executed by a husband alone which failed to point out specifically the estate or interest intended to be conveyed was not effective to convey, as an after-acquired interest, the estate acquired in his wife's realty upon her death.   p. 326.

4. HUSBAND AND WIFE.—*Separate Estate.*—The husband's interest in the wife's lands during her lifetime is of the same character as the wife's interest in the husband's lands during his lifetime. p. 326.

5. HUSBAND AND WIFE.—*Conveyances.*—The interest that a wife has in her husband's lands while he is yet living is of such an intangible nature that it cannot be conveyed either by her deed or by the joint deed of herself and husband, the latter retaining his interest in the lands.   p. 326.

6. HUSBAND AND WIFE.—*Husband's Creditors.*—The husband's inchoate interest in his wife's lands while she is living is so unsubstantial that it ·may not be reached or affected by his creditors.   p. 327.

7. HUSBAND AND WIFE.—*Separate Estate.*—In view of §3952 Burns 1914, §2921 R. S. 1881, the inchoate interest of the husband in the wife's lands cannot be separately conveyed. p. 327.

8. LIMITATION OF ACTIONS.—*Existence of Trust.*—The rule that the statute of limitations may not be pleaded in bar of a suit to enforce a trust where it appears that the trust is direct and con-

tinuing, is limited in its application to trusts that are subsisting, recognized and acknowledged. p. 327.

9. LIMITATION OF ACTIONS.—*To Enforce Subsisting Trust.— Repudiation of Trust.—Effect.*—The rule that the statute of limitations may not be pleaded in bar of a suit to enforce a subsisting, recognized and acknowledged trust is qualified by the rule that where the trustee, with knowledge of the *cestui que trust*, openly disavows and repudiates the trust, the statute begins to run. p. 327.

10. TRUSTS.—*Disavowal.—Proof.*—The fact that a trust has been openly disavowed and repudiated by the trustee, with knowledge of the *cestui que trust*, may be proved by circumstances. p. 327.

11. LIMITATION OF ACTIONS.—*Quieting Title by Establishing Trust.* —An action to quiet title to lands, by establishing a trust therein, is governed by the fifteen years' statute of limitations. p. 328.

12. LIMITATION OF ACTIONS.—*Quieting Title.—Possession as Factor.* —A person in possession of real estate may quiet his title against a hostile, unfounded claim asserted at any time within fifteen years; and if out of possession, he may maintain an action to quiet title against any such claim asserted within fifteen years, provided his right to recover possession is not barred by the twenty years' statute of limitation, §295, cl. 6, Burns 1914, §293 R. S. 1881. p. 328.

13. WILLS.—*Ratification.—Acceptance of Benefits.*—The acceptance of benefits under a will amounts to a ratification of the will in all its parts, and the person so accepting must bear the burdens thereby imposed. p. 329.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by Mary Buckel and others against Rupert Auer and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*McInernys, Yeagley & McVicker* and *J. Elmer Peak,* for appellants.

*Samuel Parker, Will G. Crabill* and *S. J. Crumpacker,* for appellees.

CALDWELL, C. J.—Judgment was rendered against appellants by reason of their election not to plead further on the overruling of their demurrers filed to the

second, sixth, seventh, eighth, ninth, tenth and eleventh paragraphs of answer. These rulings are assigned as error.

Appellants are heirs at law of Creszentia Auer, deceased, appellants Mary Buckel, Frances Peak, Amelia Toepp and Joseph C. Lauber being children of her first marriage, and the other appellants George Lauber, Jr., and Amanda Lauber being children of her deceased son, George Lauber, who died before her decease.

Appellees other than DuShane, administrator, are collateral kindred and heirs at law of Charles Auer, who was Creszentia Auer's second husband. Creszentia Auer died in 1891. Charles Auer died in 1913. Appellee DuShane is administrator of his estate.

The complaint was in three paragraphs, each of which was lengthy. For purposes of the consideration of the substantial questions presented by the briefs, the first and third paragraphs were to the effect that at the time of the decease of Creszentia Auer she held in her own name the record title to a number of tracts and lots of land situate in St. Joseph county, Indiana; that, while the record title to such lands stood in her name, she in fact held such lands in trust and as trustee in trust for appellants; that such trust in lands arose from the averred fact that a number of years before her decease, Creszentia purchased such lands with money which she held by implied trust for appellants, taking title in her own name.

The second paragraph of complaint differed from the first and third in the following respects: It described as purchased and held in trust a single rather than a number of tracts of land. It alleged that

such tract was purchased by, and conveyed to, Creszentia Auer on January 12, 1872, and that immediately thereafter Charles Auer executed his quitclaim deed, his wife Creszentia not joining, by which he quitclaimed such tract to appellants. Such deed contained no covenants and described as quitclaimed no specific interest in such tract. Both the complaint and the deed made a part of it, were silent respecting the purpose for which the deed was executed.

It was not averred in any paragraph of complaint that Creszentia held the described lands, or the money with which it was alleged that the purchase was made, under a direct or express trust. No paragraph of complaint classified the alleged trust as express or implied, direct, resulting, or constructive. Appellants in their brief state that from the facts averred a resulting trust arose. The complaint contained no averment of fraud, bad faith or concealment. By the complaint appellants sought to quiet their title to the lands described in the respective paragraphs of complaint against appellees' alleged claim to the one-third thereof, it being alleged in effect that appellees claim that on the decease of Creszentia such one-third descended to Charles Auer as surviving husband and from him to them as heirs at law.

The sixth and seventh paragraphs of answer were directed to the first paragraph of complaint, the eighth and ninth to the second paragraph, and the tenth and eleventh to the third paragraph. In their relation to questions presented and controverted by the briefs, each of these paragraphs, although differing from the others somewhat in phraseology, was to the effect that Creszentia Auer more than twenty years before the bringing of this action, appellants

having full knowledge of the fact at the time, revoked and repudiated the trust and trust relation averred in the respective paragraphs of complaint, and that she by her last will and testament disposed of the involved property as her own and unaffected by any trust. There were allegations also to the effect that Charles Auer and his representatives held the lands and interests in lands in controversy here adversely for more than twenty years after the decease of Creszentia and up to the time of the commencement of this action. Certain of these paragraphs disclosed also that Charles Auer's claim to the land interests involved here was based on an election to take under the statutes of descent rather than under his wife's will. The sixth, eighth and tenth paragraphs of answer contained formal allegations invoking the fifteen years' statute of limitations, and the seventh, ninth and eleventh the twenty years' statute.

If to each paragraph of complaint one sufficient paragraph of answer was addressed, the judgment is thereby sufficiently supported and must be

1. affirmed. In such a case the question of the correctness of the court's rulings on the demurrers filed to the other paragraphs does not involve reversible error. *Williams* v. *Wood* (1915), 60 Ind. App. 69, 107 N. E. 683, and cases; *Hayward* v. *Hayward, Admr.* (1917), 65 Ind. App. 440, 115 N. E. 966, 116 N. E. 746. That is to say, if the court's rulings on the demurrers filed to the sixth, eighth and tenth paragraphs of answer were correct, the judgment must be affirmed, even though the rulings on the demurrers filed to the seventh, ninth and eleventh paragraphs were erroneous, and *vice versa*. It results that if either the twenty or the fifteen years'

statute of limitations is applicable here, and is well pleaded, the judgment must be affirmed.

. We first direct our attention to the element of the second paragraph of complaint to the effect that Charles Auer, on January 12, 1872, quitclaimed to appellants the lands in such paragraph of complaint described. It will be remembered that such deed did not purport to release to appellants any particular or specific interest in the lands described. There was no reference to any interest in the lands that might ripen into a present estate on the death of Charles Auer's wife. The language of the deed was general; simply that Charles Auer quitclaimed to appellants the involved lands, describing them. The wife, as we have said, did not join in the execution of the deed.

The general rule is that a quitclaim deed does not estop the person executing it from asserting an after-acquired interest in the lands therein described. *Haskett* v. *Maxey* (1893), 134 Ind. 182, 33 N. E. 358, 19 L. R. A. 379; *Bryan* v. *Uland* (1885), 101 Ind. 477, 1 N. E. 52; *Graham* v. *Graham* (1876), 55 Ind. 23. However, a recital in a deed without covenants, in substance, that the grantor thereby intends to convey an interest specifically described and identified may be effective, through the principle of estoppel, to convey an after-acquired interest. *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057, 13 L. R. A. (N. S.) 1003, 124 Am. St. 240; *Hight* v. *Carr* (1916), 185 Ind. 39, 112 N. E. 881; *Mosier* v. *Carter* (1911), 84 Kan. 361, 114 Pac. 226, 35 L. R. A. (N. S.) 1182, note.

Viewing Charles Auer's interest in his wife's real estate as an interest inherited from her at her

decease, and consequently as acquired subse-

3.  quently to the execution of the quitclaim deed, such deed under the foregoing principles and authorities was not effective to convey it, since such deed was general in its nature, there being no recital pointing out specifically the estate or interest intended to be conveyed.

Appellants argue, however, that a husband's interest in his wife's real estate during her life is similar to a wife's interest in her husband's real estate during his life, and that in each case, while such interest is inchoate, yet that it is sufficiently substantial to be conveyed by a quitclaim deed, although not specifically mentioned therein, and that when so conveyed such interest ripens into title in the grantee to such deed where the grantor survives his spouse.

Appellants are correct in their contention that the husband's interest in the wife's lands during her lifetime is of the same character as the wife's

4.  interest in the husband's lands during his lifetime. *Huffman* v. *Copeland* (1894), 139 Ind. 221, 229, 38 N. E. 861.

However, the interest that a wife has in her husband's lands while he is yet living is of such an intangible nature as that it cannot be con-

5.  veyed either by her deed or by the joint deed of herself and husband, the latter retaining his interest in the lands. *McCormick* v. *Hunter* (1875), 50 Ind. 186; *Davenport* v. *Gwilliams* (1892), 133 Ind. 142, 31 N. E. 790, 22 L. R. A. 244; *Rupe* v. *Hadley* (1888), 113 Ind. 416, 16 N. E. 391; *Hudson* v. *Evans* (1882), 81 Ind. 596; *Paulus* v. *Latta* (1883), 93 Ind. 34.

The husband's inchoate interest in his wife's lands

while she is living is so unsubstantial that it may not be reached or affected by his creditors. *Huffman* v. *Copeland, supra.*

Such interest cannot be separately conveyed. *Unger* v. *Mellinger* (1906), 37 Ind. App. 639, 77 N. E. 814, 117 Am. St. 348. The statutory provision is that the wife's lands may be conveyed by the joint deed of the husband and wife. §3952 Burns 1914, §2921 R. S. 1881. We hold that the second paragraph of complaint embodying Charles Auer's quitclaim deed with general, rather than specific, provisions does not disclose that Charles Auer by such deed conveyed to appellants the interest and estate in lands by such paragraph described.

Each paragraph of complaint alleged that Creszentia Auer held the described lands in trust for appellants. On no other theory do they seek to recover. The general rule is that the statute of limitations cannot be pleaded successfully in bar of a suit to enforce a trust where it appears that the trust is direct and continuing. *Stanley's Estate* v. *Pence* (1903), 160 Ind. 636, 66 N. E. 51, 67 N. E. 441. This rule is limited in its application to those trusts that are subsisting, recognized and acknowledged. Wood, Limitations (4th ed.) §200. It does not clearly appear from any paragraph of complaint that the trust declared on and sought to be enforced is of the nature above indicated, but so treating it, there is a well-recognized qualification of the rule to the effect that where the trustee, with the knowledge of the *cestui que trust,* openly disavows and repudiates the trust, the statute begins to run. *Hitchcock* v. *Cosper* (1904), 164 Ind. 633, 73 N. E. 264; 17 R. C. L. 710.

The fact of such a disavowal may be proved by circumstances. *Scott* v. *Dilley* (1913), 53 Ind. App. 100, 101 N. E. 313.

It appeared from each of the paragraphs of answer now under consideration that more than twenty years before the beginning of the action, Creszentia Auer openly repudiated the alleged trust, and that by her last will and testament she disposed of the involved lands as her own, and that appellants had knowledge of the fact at the time. It results that, for purposes of this case, it must be taken as true that appellants' cause of action accrued and the statute commenced to run against it more than twenty years before the commencement of the action. Appellants here contend merely that the statute of limitations does not run against such a trust as is outlined by the complaint.

As determined by the briefs, there is no controversy between the parties respecting whether the twenty years' statute rather than the fifteen years' statute or *vice versa* is applicable. However, the action is in form to quiet title. It is held that such an action is governed by the fifteen years' statute. *Caress* v. *Foster* (1878), 62 Ind. 145; *Irey* v. *Markey* (1892), 132 Ind. 546, 32 N. E. 309; *Detwiler* v. *Schultheis* (1890), 122 Ind. 155, 23 N. E. 709; *Vanduyn* v. *Hepner* (1874), 45 Ind. 589.

The courts, in holding that an action to quiet title to lands is governed by the fifteen years' statute, do not always distinguish between cases where the plaintiff is out of possession and cases where he is in possession of the lands involved. Actions to recover the possession of real estate are governed by the twenty years' statute. Subdivision 6,

§295 Burns 1914, §293 R. S. 1881. The true rule seems to be that, where one is in possession of real estate, he may quiet his title against a hostile, unfounded claim asserted at any time within fifteen years. If out of possession, he may maintain an action to quiet title against any such claim asserted within the time aforesaid, provided his right to recover possession is not barred by the twenty years' statute. *Eve* v. *Louis* (1883), 91 Ind. 457.

Of the answers under consideration there were paragraphs directed to each paragraph of complaint to the effect that Creszentia Auer, more than twenty years before the beginning of the action, repudiated the alleged trust, and that thereafter, and for more than twenty years, Charles Auer and his representatives held the lands involved adversely. These answers were sufficient. It results that the judgment must be affirmed.

While a consideration of the second paragraph of answer directed to each paragraph of the complaint is not necessary to our conclusion, it may be said that such paragraph discloses that Creszentia, by her last will and testament executed and probated in 1891, disposed of all the property involved in this action, together with other property, and that each appellant was a beneficiary thereunder in proportions and estates other than he or she would have taken under the statutes of descent; that each appellant accepted and retained the property devised and bequeathed to him or her thereby. It is a rule of universal application that where one accepts the benefits under a will, he must also bear the burdens thereby imposed; that by accepting such benefits he is thereby held to have ratified the will

in all its parts. Under such circumstances, may appellants be heard to say that a part of the property disposed of by the will was impressed with a trust of which they were beneficiaries? See the following: *State, ex rel.* v. *Joyce* (1874), 48 Ind. 310; *Young* v. *Biehl* (1906), 166 Ind. 357, 77 N. E. 406.

Judgment affirmed.

NOTE.—Reported in 120 N. E. 437. See under (2, 3) 16 Cyc 688, 699; (4) 21 Cyc 1411; (5) 19 C. J. 521.