WEIL ET AL. *v.* CONNECTICUT FIRE INSURANCE COMPANY.

[No. 11,505. Filed March 27, 1923.]

1. PLEADING.— *Demurrer to Answer.*— *Overruling.*— *Failure to Plead over.*—Where plaintiffs demur to several paragraphs of answer and thereby admit the truth of all facts well pleaded in each of such paragraphs, and then, upon the overruling of the demurrers, elect to stand upon their exceptions and refuse to plead further, it was the duty of the trial court to pronounce judgment on the facts pleaded. p. 423.

2. APPEAL.—*Review.*—*Ruling on Demurrer.*—Where a demurrer addressed to each of several paragraphs of answer is overruled and plaintiff excepts, refuses to plead further and appeals from the judgment, the cause must be affirmed if any one of such paragraphs of answer is good. p. 423.

3. INSURANCE.—*Fire Insurance.*—*Action on Policy.*—*Answer of Fraud in Proof of Loss.*—In an action on a fire insurance policy, an aswer alleging that the policy provided that it should be void in case of fraud or false swearing by the insured as to any matter relating to the insurance or the subject thereof, whether before or after loss, and that, after a fire, insured swore to a statement of loss sustained, which was false in particulars specified, · *held* sufficient as against demurrer. p. 426.

4. ˙ INSURANCE.—*Fire Insurance.*—*Forfeiture of Policy.*—*Return of Premiums.*—Where an insurance company's defense to an action on a policy is based upon a breach thereof that renders the policy ineffectual from its inception, so that the risk never attached, the insurer must offer to return the premium or it cannot insist upon a forfeiture of the policy, but where the insurer's liability attaches upon the execution of the policy, no return or offer to return the premium or any part of it is necessary to avoid the contract for a breach of its stipulations by the insured in knowingly and fraudulently making a false statement under oath in making proof of loss. p. 426.

From Allen Superior Court; *Carl Yaple,* Judge.

Action by Abraham Weil and others against the Connecticut Fire Insurance Company. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*J. L. Kohl* and *Hoffman & Hoffman,* for appellant.

*J. W. Mooney, R. M. Edmonds* and *Leonard, Rose & Zollars,* for appellee.

McMAHAN, J.—Complaint by appellants on a contract of fire insurance covering a stock of wool owned by appellants and located at New Market, Ohio.

Appellee answered in nine paragraphs. Appellants' demurrer for want of facts being overruled as to each paragraph except the first, and they refusing to plead further, judgment was rendered in favor of appellee. The errors assigned relate to the action of the court in

overruling the demurrer to the several paragraphs of answer.

The complaint alleged that appellants were the owners of a stock of wool in the State of Ohio, the execution of the insurance policy May 31, 1912, insuring appellants against loss by fire in the sum of $2,000, total loss by fire July 12, 1912, the furnishing of proof of loss August 14, 1912, a disagreement as to the amount and value of the wool destroyed. It is also alleged that on March 5, 1915, appellants notified appellee that they were ready and willing to submit the question of the amount of damages to appraisers in accordance with the provisions of the policy and that they had named a competent appraiser to act in that connection; that they repeated such offer August 23, 1915, but that appellee ignored such offer and by failing to comply with that provision of its policy had waived same; that appellants had fully performed their part of the contract and demanded judgment for two thousand dollars. A copy of the policy was filed with and made a part of the complaint.

Appellants, by demurring to the several paragraphs of answer, admitted the truth of all facts that were well pleaded in each of said paragraphs, and, when they elected to stand on their exceptions and refused to plead further, it was the duty of the trial court to pronounce judgment upon the facts pleaded. Any paragraph of answer addressed to the whole complaint, when it states facts sufficient to constitute a good defense and is sustained by the evidence is sufficient to defeat the cause of action. So, if a demurrer addressed to each of several paragraphs of answer is overruled and plaintiff excepts, refuses to plead further and appeals from the judgment, the cause must be affirmed if any one of such paragraphs of answer be good. This is necessarily true since all the facts which are neces-

sary to make out a defense are by the demurrer admitted to be true. §392 Burns 1914, §383 R. S. 1881; *State, ex rel.* v. *Hall* (1909), 173 Ind. 145, 89 N. E. 855; *Keys* v. *Wright* (1901), 156 Ind. 521, 60 N. E. 309; *Island Coal Co.* v. *Wright* (1895), 12 Ind. App. 640, 40 N. E. 1114; *Roemler* v. *Dice* (1912), 49 Ind. App. 325, 97 N. E. 364; *Williams* v. *Wood* (1915), 60 Ind. App. 69, 107 N. E. 683; *Hayward* v. *Hayward, Admr.* (1917), 65 Ind. App. 440, 115 N. E. 966, 116 N. E. 746; *Buckel* v. *Auer* (1918), 68 Ind. App. 320, 120 N. E. 437.

Appellants admit the law to be as above stated and concede that the judgment must be affirmed if any one of the answers to which the demurrer was overruled, states a good defense.

One paragraph of answer, the seventh, after alleging the execution and delivery of the policy of insurance in the State of Ohio, alleges that the policy contained a provision that the same should be void in case of fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after the loss.

It also charges that after the fire which appellants claim destroyed the property described in the policy, appellants made and rendered to appellee a statement in writing signed and sworn to by appellants in which each of them falsely and fraudulently stated that the cash value of the property described in the policy, at the time of the fire was $6,450.18 and that the loss or damage thereto by the fire was that amount when they then well knew that the value of such property at the time would not exceed $100; that they falsely and fraudulently stated in said affidavit that the amount of wool in the building and which was destroyed by fire was 22,242 pounds when in truth and in fact as each of them well knew when they swore to and delivered said state-

ment to appellee the amount of wool contained in said building at the time of the fire and claimed to have been destroyed by the fire did not exceed 400 pounds; that appellants and each of them falsely and fraudulently stated in said affidavit that no articles were therein mentioned but such as were in the building destroyed, belonging to and in the possession of appellants at the time of the fire, where as a matter of fact, as appellants well knew, practically none of the property mentioned in said affidavit and statement was in said building at the time of the fire and that practically none of the property mentioned in the statement was destroyed or damaged by said fire.

It is further alleged that under the common law of Ohio as declared by the decisions of the courts of that state, the above provision relating to fraud and false swearing, when contained in a fire insurance policy, is valid and binding upon the insured and that under a policy containing such provision an insured who knowingly violates such provision with intent of defrauding the insurance carrier cannot recover.

The objections to this paragraph of answer as stated in the memorandum filed with the demurrer are that the answer is not sufficient, (1) because there is no allegation that appellee rescinded the contract of insurance and tendered back to appellants the premium received by appellee; (2) that since the source of the common law of Ohio and Indiana is the Ordinance of 1787, the common law of both states is the same and that under the common law of this state it was necessary for appellee to have tendered back to appellants the unearned premiums received by it before it could be relieved of liability; (3) that the allegations as to what the common law of Ohio is, is a conclusion of law and not a statement of fact, and therefore not admitted to be true

by the demurrer and that in deciding this cause we must decide it according to the law of this state and not according to the law of Ohio as alleged in the answer.

If the common law of Ohio is as it is alleged to be in this paragraph of answer, the demurrer thereto was properly overruled. Conceding, however, without deciding that appellants are correct in their contention that the answer fails to properly plead the common law of Ohio and that in determining the sufficiency of this answer we must look to the law of Indiana rather than to the law of Ohio, the answer is still sufficient.

It is well settled in this state that where an insurance company's defense to an action on a policy of insurance is based upon a breach thereof that renders the policy ineffectual from its inception, so that the risk never attached, the insurer must offer to return the premium or it cannot insist upon a forfeiture of the policy. But where the insurer's liability attaches upon the execution of the policy, no return or offer to return the premium or any part thereof is necessary to avoid the contract for a breach of its stipulations by the insured in knowingly and fraudulently making a false statement under oath in making proof of loss as alleged in this paragraph of answer.

This subject has been before the courts of this state so often that we do not deem it necessary to enter into a discussion of the cases. We content ourselves by citing *Ohio, etc., Ins. Co.* v. *Williams* (1916), 63 Ind. App. 435, 112 N. E. 556; *American Ins. Co.* v. *Paggett* (1920), 73 Ind. App. 677, 128 N. E. 468.

There was no error in overruling the demurrer to this paragraph. If the only allegation of false swearing and fraud had been in stating the value of the property destroyed, the answer might not have been sufficient to withstand a demurrer. That question, however is not

NOVEMBER TERM, 1922. 427

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

before us and we express no opinion in relation thereto. This answer, omitting the allegation as to value, is sufficient as against the objection stated in the memorandum filed with the demurrer. The judgment is therefore affirmed without any reference to the sufficiency of the other paragraph of answer.