## CHRISTLIEB v. CHRISTLIEB.

[No. 10,151.    Filed December 19, 1919.]

1. APPEAL.—*Pleading.*—*Admission by Demurrer.*—*Judgment on Failure to Plead.*—*Review.*—The judgment must be affirmed if

either paragraph of the complaint states a cause of action, where the defendant has demurred to each paragraph and has elected to abide the ruling of the court thereon and refused to plead further, since by the demurrer he admits the facts well pleaded. p. 684.

2. MARRIAGE.—*Fraud, Voidable.—Equity. — Jurisdiction.* — A marriage procured by fraud is voidable at the suit of the injured party, and courts having the jurisdiction of courts of equity have jurisdiction to annul a marriage on account of fraud under their general powers to annul fraudulent contracts. p. 685.

3. MARRIAGE.—*Age.—Consent of Parents.—Fraud.*—The mere fact that a girl was but sixteen years old and was married without the consent of her parents would not render the marriage void, notwithstanding the statute requiring parental consent, but such youthfulness is an important allegation in support of the charge of fraud. p. 686.

4. MARRIAGE.—*Annulment,—Fraud.—Public Policy. — Pleading. —* Where the complaint averred that the marriage sought to be annulled had never been consummated by cohabitation, the rule against considering the alleged misrepresentations to a girl sixteen years old, as to character, previous marriage, children, etc., as such fraud as goes to the fundamentals or essentials of the marital relation, does not apply, but public policy would seem to require an annulment of the marriage, and all such allegations, taken together, state a cause of action for fraud and authorize the annulment of the marriage. p. 687.

5. MARRIAGE.—*Annulment.—Conflict of Laws.*—The fact that the parties were married in Michigan can be no defense to a suit for annulment for fraud, brought in Indiana. p. 688.

From LaGrange Circuit Court; *James S. Drake,* Judge.

Action by Sylvia Melvina (Bennett) Christlieb, by next friend, against Ephraim Christlieb. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Redmond & Emerick* and *Dunten & Dunten,* for appellant.

*Hanan, Watson & Hanan,* for appellee.

REMY, P, J.—Suit by appellee to annul her mar-

riage to appellant. The complaint is in two paragraphs. Appellant's demurrer for want of facts to each paragraph was overruled, and upon his refusal to plead further judgment was rendered annulling the marriage. Errors assigned are: (1) Overruling demurrer to first paragraph of complaint; (2) overruling demurrer to second paragraph of complaint.

Appellee by each paragraph of complaint sought to annul the marriage. By his demurrers appellant admits the facts well pleaded in each paragraph 1. and, having elected to abide the ruling of the court and having refused to plead further and suffered judgment to be taken against him, it necessarily follows that, if either paragraph of the complaint states a good cause of action for the annulment of the marriage, the judgment must be affirmed. *Williams* v. *Wood* (1915), 60 Ind. App. 69, 107 N. E. 683; *Buckel* v. *Auer* (1918), 68 Ind. App. 320, 120 N. E. 437.

The material averments of the first paragraph of complaint, hereinafter termed the complaint, are as follows: That on August 29, 1916, appellee entered into a certain marriage ceremony and pretended marriage with appellant at Centerville in the State of Michigan; that said marriage was illegal and void for the following reasons: That appellee was at the time but sixteen years of age, and that the pretended marriage was without the consent of her parents, who were at the time residents of LaGrange county, Indiana; that prior to said marriage appellant had falsely and fraudulently represented to appellee that he had never been married, had no children, and was a man of good character in the community where he had lived; that appellee, being ignorant as to the truth

of such representations, believed the same to be true; and, relying thereon, entered into the marriage contract; that said representations were false and known by appellant to be false at the time made, and were made for the purpose of deceiving appellee and inducing her to enter into said marriage; that appellant had been married and was the father of three children; that in 1914 appellant was divorced from his former wife; that the custody of two of said children was awarded to appellant, and he is now under order of court to support the same; that appellant is a drinking man who spends his earnings in riotous living and debauchery, and that he is dishonest; that the parties "have never lived or cohabited together as husband and wife." Prayer that the marriage be declared void.

It will be observed that the complaint is not based upon §5 of the acts of 1905 (Acts 1905 p. 215, §835 Burns 1914), regulating marriages, or upon 2. any other statute, but proceeds upon the theory of actual fraud in procuring the marriage contract. The law is well established that a marriage procured by fraud is voidable at the suit of the injured party, and that courts having the jurisdiction of courts of equity under their general powers to annul fraudulent contracts also have jurisdiction to annul a marriage on account of fraud (*Henneger* v. *Lomas* [1896], 145 Ind. 287, 44 N. E. 462, 32 L. R. A. 848); but what would constitute such fraud as to authorize the annulment of a marriage has not been determined by the courts of appeal of this state.

It is the contention of appellant that facts are not averred in the complaint which show "such fraud as goes to the fundamentals or essentials of the marital

relation,'' and that therefore the complaint is insuffi- cient. It has been held in some jurisdictions that misrepresentations as to personal character, or as to the fact of a previous marriage, and that the party had children by such marriage, are representations as to matters which do not compose the essential elements on which the marital relation rests, and for that reason do not constitute such fraud as would vitiate the marriage contract when once executed. *Reynolds* v. *Reynolds* (1862), 3 Allen (Mass.) 605; *Donnelly* v. *Strong* (1900), 175 Mass. 157, 55 N. E: 892; *Varney* v. *Varney* (1881), 52 Wis. 120, 8 N. W. 739, 38 Am. Rep. 726; 26 Cyc 833. The reason for the rule is that, where the family has once been es- tablished, it is not a matter merely between the hus- band and wife; that children, born and unborn, have an interest; that it becomes a matter of public con- cern; and therefore the validity of a marriage must not rest upon stipulations which are not essential to the marital relation.

The allegations of the complaint which refer to appellant's fraudulent representations as to his per- sonal character and his former marriage are 3. not, however, the only averments going to the charge of fraud. It is also alleged that appel- lee was but sixteen years of age, and, although ap- pellant's age is not given, it may nevertheless be inferred from the facts set forth in the complaint that he was much older. The mere fact that appellee was but sixteen years old at the time, and was mar- ried without the consent of her parents, would not, under the statute requiring parental consent to the marriage of a girl of that age (§8371 Burns 1914, §5328 R. S. 1881), render the marriage void, even if

the marriage had taken place in Indiana. *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78. Nevertheless, when taken in connection with the other allegations of the complaint, the statement that she was only sixteen years of age is an important allegation in support of the charge of fraud. As is well stated by Bishop in his valuable work on Marriage, Divorce and Separation §506: ''The fact is always relevant, if it exists, that when the fraud was practiced the complaining party was of years too immature to be presumably as capable as older persons of resisting its influence.''

Another averment of the complaint, and perhaps the most important, is that the parties ''have not lived or cohabited together as husband and 4. wife.'' Where a marriage has not been consummated, the reason for the rule above stated, and therefore the rule itself, do not apply. No unborn children ''will cry out from the mother's womb demanding that they may not be bastardized, lose a father, and know only a disgraced mother.'' In the case under consideration, the public can be in no way interested in affirming the marriage. On the contrary, public policy would seem to require an annulment of the marriage. If the marriage is declared valid, it will be in name only, preventing the parties from marrying again. We are therefore constrained to hold that the allegations of the complaint, when taken together, state a cause of action for fraud, and authorize the annulment of the marriage. The following authorities uphold the doctrine forming the basis of this opinion: *Weill* v. *Weill* (1918), 104 Misc. Rep. 561, 172 N. Y. Supp. 589; *Smith* v. *Smith* (1898), 171 Mass. 404, 50 N. E. 933, 41 L. R. A. 800,

68 Am. St. 440; *Lyndon* v. *Lyndon* (1873), 69 Ill. 43; 1 Bishop, Marriage, Divorce and Separation §§456, 461; Nelson, Divorce and Separation §612. See, also, *Cunningham* v. *Cunningham* (1912), 206 N. Y. 341, 99 N. E. 845, 43 L. R. A. (N. S.) 355.

The fact that the parties were married in the State of Michigan can be no defense to a suit brought 5. in Indiana to have the marriage annulled for appellant's fraud as charged in the complaint. There was no error in overruling appellant's demurrer to the complaint. Judgment affirmed.