(88 South. 577)

**SMITH v. SMITH.  (7 Div. 105.)**

(Supreme Court of Alabama. April 14, 1921.)

**1. Marriage ☜54—Marriage without parents' consent valid unless expressly made void by statute.**

Unless a statute expressly declares a marriage contracted without the necessary consent of the parents, or other statutory requirements, to be a nullity, the statute is to be construed as directory only, so that the marriage will be held valid, notwithstanding disobedience of the statute may entail penalties on the officiating authorities.

**2. Marriage ☜54—Ceremony under license issued without written consent of parent held not invalid.**

Under Code 1907, § 4885, requiring the consent of the parent as a condition to the issuance of a license for marriage of a minor, and section 4888, prescribing a penalty for issuing a license without compliance with the statute, a marriage entered into under a license issued without the written consent of the parent held not invalid; the statute not expressly invalidating such a marriage.

**3. Marriage ☜58(7)—Minor's bill for annulment held demurrable.**

A bill by a 15 year old minor to annul her marriage, which had been entered into under a license issued on a forged consent of the parent, resting charges of fraud principally on overpersuasion by defendant causing complainant to forge the consent, held demurrable.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill by Inez Merchant Smith, by next friend, against Charlie Smith. From decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The bill alleges that plaintiff is a minor of 15 years, and that her husband is 25 years of age, and that by the exercise of his arts and wiles, his powers of persuasion and constraint on the plaintiff, her said husband constrained her to forge her father's name to an instrument in writing purporting to be the consent of her father in writing to the marriage of complainant and respondent, complainant being too immature in mind, years, and judgment to understand and appreciate the wrong thereof, and that after obtaining said forged written consent the defendant procured a marriage license to be issued authorizing the marriage, and by virtue of his superior years, mind, and power over the immature mind and judgment, and by his arts, wiles, and power of persuasion as to complainant, exercised upon the will and judgment of complainant, constrained her to enter into and go through a marriage ceremony with him. Complainant avers that this was without her free and intelligent consent, and that her father had never authorized, rati-

fied, or confirmed the said forged written instrument, etc.

Demurrers raised the proposition that fraud is not sufficiently charged, and that the fraud charged is not sufficient as grounds upon which to annul the marriage contract.

Joe F. Duke and Hugh White, both of Gadsden, for appellant.

Court erred in sustaining the demurrers to the bill, as the age of consent is placed at 16 years. Acts 1915, p. 137. The fraud alleged was sufficient. 26 Cyc. 901; 102 Ala. 430, 15 South. 247; 84 Ala. 262, 4 South. 137; 80 Ala. 148.

W. J. Boykin, of Gadsden, for appellee.

The age of consent is 14 years. Section 4879, Code 1907. Written consent, as prescribed by section 4885, Code 1907, is for the protection of the probate judge. Fraud alleged is not available as a ground for divorce. 141 Ala. 590, 37 South. 638; 127 Ala. 580, 30 South. 524.

GARDNER, J. This bill was filed by appellant seeking the annulment of her marriage with appellee, and from the decree sustaining demurrers thereto she prosecutes this appeal.

The bill as last amended alleges the age of complainant as 15 years and that of respondent at 25, and that on March 1, 1920, a marriage license was issued, and the marriage ceremony duly performed, but that very soon thereafter the complainant's father learned of the marriage, and after talking with complainant she abandoned the respondent and returned to her father's home. The bill further shows that complainant forged her father's name to an instrument in writing purporting to be the consent of the father to the marriage of complainant with respondent, and it is alleged in a very general way that she did this on account of respondent's power of persuasion and constraint, complainant being of immature years and judgment.

Under the laws of this state (section 4879, Code 1907), the parties were of sufficient age to enter into the marriage contract, but under the provisions of section 4885 of the Code of 1907 the consent of the parent was required as a condition to the issuance of the license, and section 4888 prescribes a penalty for the issuance of a license without compliance with the provisions of this chapter of the Code.

[1] It is recognized as a general rule that, unless a statute expressly declares a marriage contracted without the necessary consent of the parents, or other statutory requirements, to be a nullity, the statute is to be construed as directory only in this respect, so that the marriage will be held valid notwithstanding the disobedience of the statute may entail penalties on the officiating authorities. 18

R. C. L. § 24, p. 404; Browning v. Browning, 89 Kan. 98, 130 Pac. 852, L. R. A. 1916C, 737, Ann. Cas. 1914C, 1288; Reifschneider v. Reifschneider, 241 Ill. 92, 89 N. E. 255; Matter of Hollopeter, 52 Wash. 41, 100 Pac. 159, 21 L. R. A. (N. S.) 847, 132 Am. St. Rep. 952, 17 Ann. Cas. 91; Hunt v. Hunt, 23 Okl. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202.

Though the question was not directly involved, yet the same principle was recognized by this court in Beggs v. State, 55 Ala. 108. See, also, in this connection, Owen v. Coffey, 201 Ala. 531, 78 South. 885.

[2] There is nothing in the statute invalidating such a marriage, but penalties are prescribed to be fastened upon the officials for the issuing of licenses without compliance with these statutory provisions, and therefore the general rule above stated is applicable in this state. The marriage was not invalid because of the issuance of the license without the written consent of the parent.

[3] It is manifest that the general language of the bill as to fraud is entirely insufficient for the annulment of the marriage upon this ground (26 Cyc. 901, 905, 906); and, indeed, it would appear from its averments that the fraud is rested largely upon the overpersuasion by respondent upon complainant to forge her father's name to the written consent, and not to the marriage contract itself. We are persuaded that the bill fails to set up sufficient facts upon which the charge of fraud could be rested for the annulment of the marriage, and that the demurrers taking this point were properly sustained.

The decree will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.