### RAIA v. RAIA. (6 Div. 430.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

**1. Marriage ⊙=58(7)—Marriage procured by fraud going to essence of marriage affecting free conduct of injured party may be annulled on application before consummation by voluntary cohabitation.**

Marriage procured by fraud going to essence of marriage affecting free conduct of injured party may be annulled, if application is made before consummation by voluntary cohabitation.

**2. Marriage ⊙=58(7).**

In determining nature and character of fraud warranting annulment of marriage, age and mental condition of person injured are material factors.

**3. Evidence ⊙=14.**

It is common knowledge that persons of immature years are more easily duped by designing persons than are mature persons.

**4. Equity ⊙=11.**

Equity has inherent authority to annul contract procured by fraud.

**5. Divorce ⊙=12.**

Marriage cannot be rescinded by mere consent of parties.

**6. Constitutional law ⊙=153.**

Marriage contract is not within constitutional provisions inhibiting impairment of obligation of contract.

---

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Marriage ⊕—2.**

Authority of state to regulate institution of marriage is referred to the police power of the government.

**8. Marriage ⊕—60(6)—Bill alleging defendant's fraudulent representations as to name, character, and ability, and fraudulent conduct in procuring marriage license; that plaintiff was 16 years of age, but of mental development of child of 12; and that parties had not cohabited together, held to state cause for annulment of marriage (Code 1923, § 8993).**

In suit to annul marriage for fraud, bill averring that complainant was 16 years of age, with mental development of child under age of consent (Code 1923, § 8993); that defendant falsely represented his education, name, character, and ability; that he procured marriage license under false representations; and that complainant and defendant had not cohabited, *held* to state cause for annulment.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity to annul marriage by Nellie Lathem Raia, a minor, suing by her next friend, Joseph Lathem, against Jasper Raia. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

Mullins & Jenkins, of Birmingham, for appellant.

A man over the age of 17 years and a woman over 14 are capable of contracting marriage in Alabama, and even though the marriage is procured without compliance with section 8999 of the Code, with reference to obtaining consent of the parents, the marriage is valid. Smith v. Smith, 88 So. 577, 205 Ala. 502; Johnson v. Johnson, 58 So. 418, 176 Ala. 449, 39 L. R. A. (N. S.) 518, Ann. Cas. 1915A, 828. A bill in equity to annul a marriage on ground of fraud in its procurement, in order to be sufficient, must show fraud in some matter essential to the validity of the marriage itself. Green v. Green, 80 So. 739, 77 Fla. 101; Browning v. Browning, 130 P. 852, 89 Kan. 98, L. R. A. 1916C, 737, Ann. Cas. 1914C, 1288.

Altman & Taylor and Fred. G. Koenig, all of Birmingham, for appellee.

Age and mental condition of the person injured are controlling factors in dealing with the question as to what kind of fraud will warrant the avoidance of a marriage procured by fraud. Brown v. Scott, 117 A. 114, 140 Md. 258, 22 A. L. R. 810; 6 R. C. L. 631. A marriage procured by fraud, of such character as to go to the essence of the marriage and affect the free conduct of the injured party, may be annulled, provided application is made before consummation of the marriage by voluntary cohabitation. Dooley v. Dooley, 115 A. 268, 93 N. J. Eq. 22; Corder v. Corder, 117 A. 119, 141 Md. 114; O'Connell v. O'Connell, 194 N. Y. S. 265, 201 App. Div. 338; Keyes

v. Keyes, 26 N. Y. S. 910, 6 Misc. Rep 355; Sheridan v. Sheridan (Sup.) 186 N. Y. S. 470; Ysern v. Horter, 110 A. 31, 91 N. J. Eq. 189; Christlieb v. Christlieb, 125 N. E. 486, 71 Ind. App. 682; Gatto v. Gatto, 106 A. 493, 79 N. H. 177; Di Lorenzo v. Di Lorenzo, 67 N. E. 63, 174 N. Y. 467, 63 L. R. A. 92, 95 Am. St. Rep. 609; Lyndon v. Lyndon, 69 Ill. 44.

THOMAS, J. [1] The bill is to annul a marriage of an infant which was procured by fraud. The facts averred show that the marriage was procured by and through the fraud perpetrated by appellant upon appellee, and brought the case within the doctrine enunciated by the courts to the effect that a marriage procured by fraud of such character as to go to the essence of the marriage and affect the free conduct of the injured party may be annulled, provided application for annulment be made before the consummation of the marriage by voluntary cohabitation. Brown v. Scott, 117 A. 114, 140 Md. 258, 22 A. L. R. 810; 14 A. L. R. 121, 122; 6 R. C. L. p. 631, § 50. The general rule stated above has been approved in other jurisdictions. Dooley v. Dooley, 115 A. 268, 93 N. J. Eq. 22; Corder v. Corder, 117 A. 119, 141 Md. 114; Gatto v. Gatto, 106 A. 493, 79 N. H. 177, 184, 185; O'Connell v. O'Connell, 194 N. Y. S. 265, 201 App. Div. 338; Keyes v. Keyes, 26 N. Y. S. 910, 6 Misc. Rep. 355; Sheridan v. Sheridan (Sup. 1921) 186 N. Y. S. 470; Ysern v. Horter, 110 A. 31, 91 N. J. Eq. 189; Christlieb v. Christlieb, 125 N. E. 486, 71 Ind. App. 682; Lyndon v. Lyndon, 69 Ill. 44; Meyer v. Meyer, 7 Ohio Dec. Reprint, 627; Di Lorenzo v. Di Lorenzo, 67 N. E. 63, 174 N. Y. 467, 63 L. R. A. 92, 95 Am. St. Rep. 609; Fisk v. Fisk, 39 N. Y. S. 537, 6 App. Div. 432. The English cases are to the effect that when a man assumes a false name to enable him to contract marriage and to conceal his identity from and impose upon the other party, it is a vitiating fraud. Rex v. Burton, 3 Maule & S. 537, 105 Eng. Rep. 712; Hoffer v. Hoffer, 3 Maule & S. 265, 105 Eng. Rep. 611.

[2, 3] In the determination of the nature and character of fraud that warrants the avoidance of a marriage procured by fraud, of necessity the age and mental condition of the person injured by the fraud are material factors. This is obvious because it is of common knowledge that persons of immature years are more easily duped by designing people than are mature persons.

[4-7] A court of equity has the inherent jurisdiction and authority to annul ordinary contracts procured by fraud. Marriage is a contract, differing, it is true, from general or business contracts, in that, for example, it cannot be rescinded by a mere consent of the parties, and is not within the provisions of the Constitution, state and federal, inhibiting the impairment of the obligation of contracts. Barrington v. Barrington, 76 So. 81, 200 Ala.

327, and authorities. And the authority of the state to regulate the institution of marriage is referred to the police power of government. As fraud vitiates other contracts there is no logical reason why it should not vitiate the marriage contract under the averments of the instant bill. The New Hampshire court, in the case of Gatto v. Gatto, 106 A. 493, 497, 79 N. H. 177, 184, said:

"The public policy of this state, evidenced by the statutes, the decisions, or the general consensus of opinion, does not regard a fraudulent marriage ceremony as sacred and irrevocable by judicial action; it does not encourage the practice of fraud in such cases by investing a formal marriage, entered into in consequence of deceit, with all the force and validity of an honest marriage. While marriage is a contract attended with many important and peculiar features in which the state is interested, and while it is one of the fundamental elements of social welfare, its transcendent importance would seem to demand that wily and designing people should find it difficult to successfully perpetrate fraud and deceit as inducements to the marriage relation, rather than that such base attempts should be regarded as of trivial importance and be wholly disregarded by the courts. Unhappy and unfortunate marriages ought not to be encouraged. Sch. Dom. Rel. § 24. The successful perpetration of fraud is not deemed to be a subject for judicial encouragement (Lyman v. Lyman [97 A. 312] 90 Conn. 399, 411 [L. R. A. 1916E, 643]), nor is the court authorized to legislate in favor of such a policy."

" * * * Whether a party to a marriage is prevented from impeaching its validity on account of fraud, by his lack of sufficient diligence in attempting to ascertain the truth or by his 'blind credulity' (2 Kent Comm. 77) in representations which prove to be false, presents a question of fact, which is involved in all cases of fraud, and is usually determined by a consideration of what reasonable prudence would require under the circumstances (Sipola v. Winship [66 A. 962] 74 N. H. 240, 248)."

In the Lyman Case, 97 A. 312, 313, 90 Conn. 399, 402, L. R. A. 1916E, 644, referred to in the foregoing quotation from the New Hampshire court, it is said:

"What amounts to 'fraudulent contract,' as that term is used in our divorce statute, and to that or other equivalent language as used in the law, written or unwritten, elsewhere, to express a recognized condition justifying the annulment or dissolution of a marriage, has been much discussed, but no satisfactory and comprehensive definition applicable to all situations has been arrived at or attempted to be arrived at. Gould v. Gould, 61 A. 604, 78 Conn. 242, 249, 261, 2 L. R. A. (N. S.) 531. It is certain, however, that wherever there is a fraud on the part of one of the parties, amounting to 'a fraud in the essentialia of the marriage relation,' or, as Judge Hamersley expressed it in his opinion in Gould v. Gould, supra, 61 A. 604, 78 Conn. 261, whenever there is a 'deception in respect to some fact whose existence or nonexistence may affect in some certain way the very essence of the marriage relation, resulting in a lawful marriage which practically operates as a fraud upon the deceived spouse, and the existence or nonexistence of the fact thus concealed or misrepresented must operate, as between the parties to the marriage, to prevent some essential purpose of marriage and work a practical destruction of that relation,' there exists such fraud as the law contemplates, and such as renders the marriage contract fraudulent. Reynolds v. Reynolds, 3 Allen (Mass.) 605, 608."

[8] The fraudulent conduct averred, if shown by the evidence, will not be countenanced by a court of equity duly appealed to by the injured party, who, by reason of the fraud and her immature age and retarded mentality, was without fault in the premises.

The case of Johnson v. Johnson, 58 So. 418, 176 Ala. 449, 39 L. R. A. (N. S.) 518, Ann. Cas. 1915A, 828, was where seduction charges were threatened, followed by marriage alleged to have been entered into by the husband to prevent the wife from testifying. The fact remained they had consummated the marriage relation by living together as man and wife for a short period of time.

In the case of Smith v. Smith, 88 So. 577, 205 Ala. 502, the grounds of annulment were that the ceremony was performed under license issued without the written consent of the parent—issued on a forged consent of the parent; and the charge of fraud was rested principally on overpersuasion by the defendant husband causing complainant to forge her parent's consent.

The present bill is distinguished from the facts on which rested the decisions in the Smith and Johnson Cases, supra. In this case it is averred that complainant was 16 years of age, with only the mental capacity, development, and understanding of a child of 12—not within the age of consent (Code, § 8993) to contract marriage. The bill alleges defendant's false representations as to his education, good habits, character, ability to care for and support complainant, when, it is alleged, as a matter of fact:

"He (defendant) was wild of habits, gambled with negroes, would not go to school and take an education, worked very little, and when he did work he worked principally as a common laborer, for which he received small pay, of which fact complainant was wholly ignorant, at the time of and prior to her said marriage."

The bill alleges defendant's false representations as to obtaining the consent of complainant's parents, and his fraud upon the court, the parents, and complainant, in order that he might procure a "marriage license from the judge of probate of Jefferson county, Ala.," making "a false and fraudulent affidavit that he (defendant), the respondent, was 21 years of age and that the complainant was 19 years of age, when as a matter of fact, which was known to the respondent, the respondent at the time was, to wit, 17 years of age and complainant was, to wit, 16 years of age;" and:

Complainant "further alleges that without the knowledge or consent of the complainant the said respondent, in furtherance of his fraud as aforesaid upon complainant, represented his name to be and had the license aforesaid issued in the name of J. Rye, and made the affidavit necessary for the procuring of the said license in the name of Jack Rye, instead of in his own name, Jasper Raia; all of which was a fraud upon the court issuing the license, or the probate judge who issued same, and a fraud and wrong upon complainant, which was done and perpetrated without her knowledge or her consent."

It is further averred:

That "within a few minutes after she had gone through the said marriage ceremony with respondent as aforesaid, and before she had gotten more than a block from the courthouse, she sent word to her father that she had married respondent and where he was taking her to and that she wanted him, her father, to come to her,"

—which the father did, and took her home before she and respondent had "cohabited together or lived together as man and wife, and that as soon as she could return to her father's house, which was when her father came for her as aforesaid, she did return home and has remained there since."

No public policy or sufficient reason is perceived why the complainant is to be handed over to the defendant for consummation of the marital relations, and from which the policy of the law is that she be relieved. Owen v. Coffey, 78 So. 885, 201 Ala. 531.

The trial court properly overruled demurrer to the bill for annulment.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.