15780

HUGHEY v. RAY

(36 S. E. (2d), 33)

*Mr. D. B. Leatherwood,* of Greenville, Counsel for Appellant,

*Messrs. Benjamin A. Bolt* and *W. B. McGowan,* both of Greenville, Counsel for Respondent,

November 15, 1945.

Mr. Chief Justice Baker delivered the unanimous Opinion of the Court.

The respondent is the husband of the appellant. He is seeking in this action an adjudication that the marriage between him and the appellant is void. His complaint sets forth that at the time of his marriage to the appellant the latter was the wife of another man still living; that she had procured a divorce in Georgia from her first husband, but that at the time of the divorce neither party to the proceeding was a resident of Georgia, in consequence of which the court was without jurisdiction to grant the divorce, and that its decree was null and void. The case comes to this Court on appeal from an order of the circuit court granting in part a motion to strike certain allegations of the answer of the appellant.

The answer is as follows (we have italicized therein the portions of paragraph III which the court ordered stricken). All of the remaining paragraphs of the answer were stricken.

I. Defendant denies each and every allegation contained in the complaint except those hereinafter expressly admitted.

II. Said defendant admits that she was married to one Elwell Ray on or about January 13, 1929, but alleges that on July 21, 1941, she obtained from the said Elwell Ray what this defendant believed and was advised was a valid and binding decree of divorce; said defendant further admits that said decree of divorce was issued by the Superior Court of Richland County, State of Georgia.

III. Said defendant further admits that on or about the 12th day of April, 1942, this defendant and the plaintiff above named entered into a contract of marriage and have continuously since and are now living together as husband and wife; that this defendant had known plaintiff herein for several years prior to July 21, 1941, during which time this defendant was engaged in the City of Sumter, State of South Carolina, as an operator in and later as owner of a beauty parlor and plaintiff herein was engaged as a salesman in selling commodities commonly used by beauty parlors and

while so engaged became acquainted with this defendant, *said acquaintance subsequently thereto developing into an intimate friendship; that during the early part of 1941, after conferring with the plaintiff herein and acting upon his counsel, advice and suggestions,* this defendant instituted an action for a divorce from her former husband, the said Elwell Ray, in the Superior Court of Richland County, State of Georgia, and submitted herself to the jurisdiction of said court and is informed and believed that the defendant in that action, namely Elwell Ray, likewise submitted himself to the jurisdiction of said court and consented to the granting of a decree of divorce by said court; *that this defendant at that time had not had any experience in divorce matters and relied entirely upon the advice and suggestions of the plaintiff herein, who held himself out to this defendant as being well versed in matters of divorce, having prior thereto been divorced himself, and in the procuring of said decree of divorce from her first husband, this defendant was advised by the plaintiff herein and believed that the decree of divorce was sufficient to enable her and this plaintiff to become married, which was the sole purpose of obtaining said divorce at the time and place;* that subsequent to this defendant procuring said decree of divorce from her former husband, the said Elwell Ray, on July 21, 1941, a copy of said decree was submitted to and inspected by plaintiff herein who insisted upon plaintiff and defendant becoming married, and subsequently thereto, to-wit on the 12th day of April, 1942, this plaintiff and this defendant entered into a marriage relationship after having secured the necessary license therefor and after having a marriage ceremony performed and have continuously since and are now living together as husband and wife.

IV. Several months ago plaintiff herein began to display a lack of interest in this defendant which attitude has resulted in plaintiff making several attempts to rid himself of this defendant even to the extent of making life unpleasant, uncom-

fortable, and inconvenient for her and in reality offering her money to return to her home and release him from his obligation to her as her husband; that failing in his various efforts to rid himself of the defendant herein and of his obligation to support her, this defendant believes and alleges that this action has been resorted to and instituted solely in furtherance of plaintiff's scheme and efforts to rid himself of this defendant.

V. That as alleged above, this plaintiff undertook to marry defendant herein and entered into the relationship of husband and wife with her, with full knowledge of all the facts, circumstances, and conditions attending and surrounding the procurement of the divorce in question by this defendant from her former husband and with full knowledge of the legal status of defendant's divorce and accepted the privileges, benefits, and efforts of the relationship that has existed between this plaintiff and this defendant since the 12th day of April, 1942, and did prior to and at the time of his marriage to this defendant accept, acknowledge, recognize and treat said decree of divorce obtained by this defendant from her former husband as being valid and binding and acted accordingly and since April 12, 1942, accepted, acknowledged, recognized and treated said decree of divorce as valid and binding, and as alleged above has in the meanwhile accepted the privileges, benefits and fruits thereof and good morals as well as good law now forbids plaintiff from denying the validity of a decree of divorce with which he was entirely familiar before accepting and acting upon the same.

VI. That if the decree of the divorce obtained by this defendant from her former husband was void or voidable, that the plaintiff herein was instrumental in the manner in which the same was obtained, had full knowledge of its legal status, accepted the privileges and benefits of said void judgment with full knowledge of the facts and circumstances sur-

rounding the issuance of said decree and continued thereafter to acknowledge and recognize said decree as being valid and continued thereafter to accept the privileges, benefits and fruits of the relationship existing between this plaintiff and this defendant until such time as this plaintiff became tired of and desirous of ridding himself of this defendant; that for the foregoing reasons, said plaintiff is now estopped from asserting that said decree of divorce is invalid, if such is the case, and is now estopped from invoking and asserting legal rights which he ignored and disregarded at a time when he should have invoked and asserted said rights and after he had enjoyed the benefits, privileges and fruits of and from a relationship which said plaintiff helped to create, accepted and acknowledged.

It will be perceived that the appellant's answer does not contain any effectual denial of the material allegations of the complaint to the effect that at the time of the granting of the divorce neither of the parties to the divorce proceeding was a resident of the state in which the divorce was granted. The qualified denial in paragraph I is not to be deemed a general denial. *Atlantic Coast Line R. Co. v. Little,* 195 S. C., 455, 12 S. E. (2d), 7. Its effect is governed by all of the admissions contained in the subsequent paragraphs of the answer. *Ibid; Badham v. Brabham,* 54 S. C., 400, 32 S. E., 444.

The answer sets up two affirmative defenses, to wit: (1) estoppel *in pais,* arising out of the alleged knowledge of the respondent of the appellant's marital status; his solicitation of the institution of and active participation in the divorce proceeding; and his marriage to and cohabitation with and support of the appellant since the marriage of the parties; (2) estoppel by record, arising out of the decree of divorce obtained by the appellant from her first husband.

While these two defenses are jumbled, there was no motion on the part of the respondent to require that the same be separated.

The respondent moved that certain portions of paragraph III of the answer, including those italicized by us, and all of paragraphs IV, V and VI, be stricken on the ground that such allegations are immaterial and irrelevant, and constitute no defense to the cause of action alleged in the complaint. The motion also asked for judgment upon the pleadings, upon the ground that the admissions in the answer disclose that the appellant has no defense to the action.

It would appear from the foregoing that the purpose of the respondent to obtain an adjudication that the defenses set forth in the answer of the appellant constituted no legal answer to the cause of action set forth in the complaint, would have been better served by requiring the separation of the two separate defenses set forth in the answer and then by demurring separately to each defense, or by a demurrer to the answer as it now stands. The respondent evidently proceeded under Section 470 of the Code which provides that sham and irrelevant answers may be stricken (presumably as a whole, as in the case of a demurrer) rather than under Section 478 of the Code, which provides that irrelevant or redundant matter may be stricken out of a pleading (which presumably refers to detachable allegations rather than to a complete cause of action or defense).

We observe that whereas the respondent thus moved to strike out all of the material allegations of the answer, and for judgment on the pleadings, the Circuit Judge undertook to grant the motion only in part, striking out certain allegations of the answer and leaving therein allegations which it will be seen go to the foundation of the cause of action set forth in the complaint. No point is made by appellant of any lack of power of the Circuit Judge to thus limit of his own volition the scope of the motion or to grant

an order not in conformity with the motion, and we are not to be deemed to be passing on the propriety of his action in that regard.

The material portions of the answer not stricken are allegations to the effect that the appellant and her first husband were married as set forth in the complaint; that she obtained from her former husband a divorce that she believed to be valid and binding; that she married the respondent after obtaining her divorce decree, and that since then the parties have been continuously "and are now living together as husband and wife"; and that in the divorce action the appellant submitted herself to the jurisdiction of the court "and is informed and believes that the defendant in that action, namely, Elwell Ray, likewise submitted himself to the jurisdiction of said court and consented to the granting of a decree of divorce by said court   *   *   *".

These remaining allegations of the answer raise the question whether the respondent is estopped to question the validity of the divorce decree by reason of appellant's first husband having submitted himself to the jurisdiction of the court which granted the divorce, and of his having consented to that granting of the decree. They raise the further question, which also was embraced within the stricken allegations of paragraphs IV, V and VI of the answer, as to whether the respondent is estopped by his own conduct from questioning the validity of his marriage to the appellant.

The first exception rests upon the broad ground that the Circuit Judge erred in striking the allegations in question because said allegations "constituted a proper and valid defense to plaintiff's cause of action". Treating this exception as relating to the effect of the alleged voluntary submission of appellant's first husband to the jurisdiction of the Georgia court, and to his consent to the granting of a divorce decree by that court, the exception is answered by the fact

that the order of the Circuit Judge does not strike out the allegations of the answer dealing with that subject.

If this exception is related to the defense of estoppel *in pais,* it is unnecessary to cite authority for the legal proposition that a marriage otherwise invalid by reason of the invalidity of a divorce obtained by one of the parties from a former spouse still living cannot be sustained because of the actions of one of the parties in inducing the other to obtain the divorce and then marrying the divorcee and cohabiting with her. The same comments apply to the fourth exception.

Exceptions II and III raise the issue that the respondent is estopped to proceed in the present action because of the equitable doctrine that he who comes into equity must come with clean hands and because the appellant and respondent were *in pari delicto* in the procurement of the divorce from appellant's first husband. To sustain this contention of appellant would be to nullify both Sections 8567 and 8568 of the Code.

We are not in this case confronted with the ultimate issue presented by the pleadings as they have been left by the order of the Circuit Judge, to wit, whether the Georgia divorce is a bar to the maintenance of the present action by reason of appellant's first husband having appeared in the cause, and having consented to the entry of a decree therein. Eliminating that question, the appellant in effect admits that the Georgia court was without jurisdiction, and unless the decree of that court is upheld on the grounds above indicated, the case is clearly one for the annulment of a marriage for a cause showing that at the time the marriage contract was made "it was not a contract".

Section 8567 is as follows: "Validity of marriage—how determined and declared.—The court of common pleas shall have authority to hear and determine any issue affecting the validity of contracts of marriage, and to declare said con-

tracts void for want of consent of either of the contracting parties, or for any other cause going to show that, at the time the said supposed contract was made, it was not a contract: provided, that such contract has not been consummated by the cohabitation of the parties thereto."

The proviso expressed in this Section of the Code ■ to the effect that there must have been no cohabitation between the parties has been held by this Court to be inapplicable to an action to invalidate a marriage which the parties were legally incompetent to contract. *Davis v. Whitlock,* 90 S. C., 233, 73 S. E., 171, Ann. Cas. 1913D, 538.

Section 8568 of the Code is as follows: "Bigamous marriages void.—All marriages contracted while either of the parties has a former wife or husband living shall be void: provided, that this section shall not extend to a person whose husband or wife shall be absent for a space of seven years, the one not knowing the other to be living during that time; nor to any person who shall be divorced, or whose first marriage shall be declared void by the sentence of a competent court."

The proviso of this statute to the effect that it shall ■ not apply to one who has been divorced, of course, relates to a valid divorce, and takes us back to the proposition hereinabove stated, to wit, that until the Court in this case deals with the question of the effect of the participation by appellant's first husband in the Georgia proceeding, the decree granted in that proceeding must for present purposes be regarded as invalid by reason of the appellant's admission of the absence of the jurisdictional element of domicile in the Georgia forum.

As already indicated, the action of the lower court in leaving in the answer the allegations respecting the participation of appellant's first husband in the Georgia divorce proceeding and his consent to the decree granted therein, excludes

from consideration by this Court the question to which counsel on both sides have directed their main argument, to wit, whether on the Georgia record the respondent will be permitted to question the divorce decree in this proceeding. The question presents two elements: (1) Could the decree be attacked by appellant's first husband under the circumstances stated? (2) If appellant's first husband would be barred from making the attack, does that bar extend to the present respondent? We intimate no opinion on either of these questions.

For the reasons stated the exceptions of the appellant are overruled.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.