77 So.2d 373

**James W. ROBERTSON**

v.

**Faye ROBERTSON.**

**6 Div. 783.**

Supreme Court of Alabama.

Jan. 13, 1955.

A. L. Sapp, Cullman, for appellant.

Julian Bland, Cullman, for appellee.

MERRILL, Justice.

Appeal from a decree denying relief to complainant and dismissing his bill to annul his marriage after a hearing on the merits before the circuit court, in equity.

The complainant, individually and by his father as next friend, sought to have the court annul the marriage between him and respondent, alleging in his bill that he did not know what he was doing when he married respondent; that he was highly excited and nervous and unable to understand the proceedings; that he was forced to marry the respondent; that while he was participating in the marriage ceremony he thought he was being tried under an affidavit and warrant out of the Justice of the Peace Court charging him with bastardy; that the marriage had not been consummated by cohabitation after the ceremony; that at the time of the marriage he was 19 years of age and the respondent was 18. Respondent demurred to the bill, demurrer was overruled, answer was filed and the issues tried. The court was convinced from the evidence that complainant was the father of respondent's child, denied the relief prayed for and dismissed the bill.

Appellant assigns as error: "1. The court erred in dismissing complainant's bill of complaint and denying the relief prayed in his bill of complaint. 2. The decree of the trial court is grossly and palpably contrary to the evidence and the pleading. 3. The Court erred in decreeing the marriage valid, and the child legitimate."

■ We see no reason to set out the evidence in detail. There is no question or contention that the marriage was not solemnized in accordance with our statutes. The evidence came far short of proving appellant's insanity or that he did not know what he was doing, or that he was unable to understand what was happening when the marriage ceremony was being performed. The preponderance of the evidence was to the contrary. There was no evidence that he was forced to marry or that any threat of bodily harm was made before or at the time of the marriage to force him to marry respondent. The case of Kelley v. Kelley, 206 Ala. 334, 89 So. 508, holds that the mere fact that a husband, who has seduced his wife prior to the marriage ceremony, feared bodily harm if he did not marry the seduced girl, did not warrant the annulment of the marriage on grounds of duress, in the absence of proof as to actual threats of bodily harm, and that case is followed in Gwin v. Gwin, 219 Ala. 552, 122 So. 648.

The marriage took place in the probate office in Cullman County in the presence of several witnesses and the evidence is overwhelming that complainant was aware that he was being married, that he had requested that the ceremony be performed and that he was consenting thereto.

■ The fact that he was under 21 years of age can avail complainant nothing. He was 19 and respondent 18 years of age, which ages are above the bar of 17 and 14 as provided in § 4, Title 34, Code of 1940. There was no consent of the parents as required by § 10, Title 34, but this statute has been construed as directory only and failure to comply with its provisions is not grounds for annulling the marriage. Smith v. Smith, 205 Ala. 502, 88 So. 577.

■ The failure of the complainant and respondent to live together after the marriage is likewise unavailing. Our rule, long established, is that a marriage solemnized in accordance with our statute, between parties capable of contracting with their free, full and mutual consent, is complete, without cohabitation, and entitles the parties respectively to all the rights which accrue upon entering that relation. "Nuptias, non concubitas sed consensus facit." Potier & McCoy v. Barclay, 15 Ala. 439.

· Sometime after the marriage ceremony was performed the appellant was charged with vagrancy because he failed or refused to support the appellee. He employed an attorney, not the one representing him on this appeal, and he, his father, mother and his attorney went to the office of the county solicitor and entered into an agreement whereby he would pay into the probate court $15 per month, the court approved the agreement, the vagrancy charge was dismissed and the monthly payments were made for several months.

The decree of the trial court is amply supported by the evidence and it was free of the alleged defects which are listed and argued in the assignments of error and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.