105 So.2d 676

**Lillie Ruth WILLIAMS**

v.

**Elbert Morris WILLIAMS.**

**5 Div. 691.**

Supreme Court of Alabama.

Oct. 9, 1958.

Omar L. Reynolds, Clanton, for appellant.

Speaks & Burnett, Clanton, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of Lillie Ruth Williams to a bill of complaint filed by Elbert Morris Williams. The purpose of the bill is to annul the marriage entered into by them on the 19th day of November, 1957, on the ground of fraud.

The allegations of the bill, among other things, show that on the 19th day of November, 1957, the complainant Elbert Morris Williams and the respondent Lillie Ruth Williams, who is fifteen years of age, secured a marriage license in Quitman, Clarke County, Mississippi, and a marriage ceremony was performed by Rev. E. E. Fairchild in the Town of Quitman, Mississippi, purporting to unite Elbert Morris Williams and Lillie Ruth Williams in marriage.

The bill further avers that since the purported marriage Elbert Morris Williams and Lillie Ruth Williams have not lived together as man and wife nor have they cohabited as man and wife nor has any sexual intercourse occurred between them either prior to or since the purported marriage, nor in any way have they recognized each other as man and wife.

The bill contains paragraph 4(a) and 4(b) which are as follows:

"4(a). The complainant further avers that he and said respondent, Lillie Ruth Williams, were married on November 19, 1957, at to-wit: 8 A.M. in the City of Quitman, Clarke County, Mississippi; that complainant and said respondent have never lived together as man and wife. Complainant further avers that he was induced to consent to said marriage by fraud or misrepresentation in the following matters: That said respondent led your complainant to believe that she was over the age of 18 years; which said facts were not true. That said respondent also made vows to your complainant of

love, fidelity, and obedience; and after said marriage your complainant learned for the first time that said representations of the respondent were false and untrue and made for the purpose of securing from your complainant, who is a member of the United States Air Force, an allotment check.

"4(b). Complainant avers that he was fraudulently induced to enter into a marriage contract with the respondent by the following false and fraudulent statements of the respondent; that she was over the age of 18 years; that she deeply loved your complainant and that was her only reason for marrying him while in truth and in fact the respondent was marrying your complainant in order to secure an allotment check from the United States Government due to your complainant's being in the armed forces of the United States. Complainant further avers that the statements of the respondent as hereinabove outlined were false and were known by the respondent to be false at the time of their utterance and were made solely for the purpose of having your complainant enter into a marriage contract with the respondent."

For the purpose of analysis the allegations of the alleged fraud in the bill of complaint may be divided into two parts, (1) that the respondent misrepresented her age to the complainant and that she led complainant to believe that she was over the age of 18 years which was not true and (2) that respondent made vows of love, fidelity and obedience to complainant which were false and that respondent represented to complainant that her only reason for marrying him was because she deeply loved him when in truth she married him for his allotment check from the United States Government.

In 55 C.J.S. Marriage § 34, p. 871, the following statement is made: "The fact that a party before marriage made false representations as to his age does not entitle the defrauded party to have the marriage set aside."

The allegation of the complaint as to the age of the respondent is not a sufficient basis on which to annul the marriage.

This brings us to the allegation that the respondent made false vows of love, fidelity and obedience to the complainant. As to this feature of the case we turn to the decision rendered by this court in Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443. In that case the bill avers and the evidence discloses that the parties, both of whom were of age, and residents of Mobile, Alabama, had known each other for two weeks. They drove an automobile to Mississippi and were married in a marriage ceremony performed by a Justice of the Peace. Promptly thereafter they started on their return trip, some 45 miles, and while enroute the respondent informed the complainant that he had acted hastily and prematurely and without realizing the consequences of the marriage ceremony and that he could not and would not carry out his marital vows, that he did not love her enough to go through life, etc. On arrival at Mobile he took her to her home and left for his home. They had no intercourse and have never cohabited. Complainant was ready and willing to enter into the marriage relationship. The bill was filed six weeks thereafter. Authorities on the subject are collected and this court held that the relief prayed for by the bill should be granted. In the opinion written by Justice Bouldin, among other things, it is said:

"Few, if any, kinds of fraud or trickery will warrant a nullity suit, after the marital status is actually entered upon by cohabitation and marital intercourse has intervened.

"But, following the lead of our case of Raia v. Raia, supra (214 Ala. 391, 392, 108 So. 11), supported by sound reason and authority, we are of opinion that entering into the marriage covenant by ceremonial marriage is an express declaration of a purpose to fulfill the marriage vows; that, if done

with intent not to perform, followed by immediate disavowal and refusal to perform, the party is guilty of fraud which goes to the essence of the marriage relation; and no public policy denies the wronged party relief by a nullity suit." (Parenthesis supplied.) Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443, 445.

See also Millar v. Millar, 175 Cal. 797, 167 P. 394, L.R.A.1918B, 415, Ann.Cas. 1918E, 184; Anders v. Anders, 224 Mass. 438, 113 N.E. 204, L.R.A.1916E, 123; Gatto v. Gatto, 79 N.H. 177, 184, 106 A. 493, 497.

■ Construing as we must the allegations of the bill against the pleader (Morgan Plan Company v. Bruce, 262 Ala. 314, 78 So.2d 650), we have reached the conclusion that the bill does not allege fraud of such nature as to go to the essence of the marriage relation. There is no allegation that the marriage was entered into by the respondent with intent not to perform her marital vows. There is no allegation as to any disavowal or refusal by the respondent to perform or to fulfill those vows. For aught appearing the respondent was ready and willing to carry out her marital vows. It may be added that paragraph 4(a) does not allege, except perhaps by inference, that the vows of love and affection were false. Paragraph 4(a) only avers that after the marriage the complainant "learned" that they were false and untrue. It seems to us that this allegation is nothing more than a conclusion of the pleader. The respondent was entitled to be informed by the pleadings of the facts on which the suit was founded and not inferences and conclusions drawn by the pleader. Berman v. Wreck-A-Pair Building Co., 236 Ala. 301, 182 So. 54.

It results that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.