ANDERSON *v.* ANDERSON.*

[Cite as Anderson v. Anderson, 8 Ohio Misc. 97.]

(No. 37860—Decided March 18, 1966.)

Common Pleas Court of Tuscarawas County.

*Mr. George J. Demis*, for plaintiff.
*Mr. C. P. Hoffman*, for defendant.

LAMNECK, J.   The plaintiff in this case, Robert A. Anderson, seeks to have his marriage to Ruth Anderson which took place on December 18, 1965, annulled on two grounds, viz. (1) that his consent to said marriage was obtained by fraud, and (2) that said marriage was never consummated.

The evidence adduced at the trial shows that the parties

*No appeal taken.

have known each other for over one year and that they submitted to a serological test for syphilis and secured a physician's statement concerning the same more than thirty days prior to December 19, 1965, as provided by Section 3101.05, Revised Code, but no marriage ceremony was performed at that time.

On the morning of December 18, 1965, following a meeting in a tavern, they again secured a serological certificate and obtained a marriage license from the Probate Court of Tuscarawas County. They spent most of Saturday together visiting taverns. About 8:00 p. m., the defendant in the presence of the plaintiff attempted to secure a minister to perform a marriage ceremony but was unsuccessful. After further inquiry, arrangements were made for the Mayor of Uhrichsville, Ohio, to conduct the marriage rites. The mayor did this about 10:00 p. m., in the presence of a group of people. The mayor testified that while the plaintiff had been drinking, he was not intoxicated at the time and gave rational answers to the questions propounded during the ceremony.

It is not disputed that the defendant is pregnant with child which will be born the latter part of June 1966. The plaintiff admitted that he had sexual relations with the defendant on a number of occasions prior to the marriage and as early as October 1965. He also admitted that he had known that the defendant was pregnant for some time prior to December 18, 1965.

Section 3105.31, Revised Code, effective September 24, 1963, lists six grounds for the annulment of a marriage among which are (1) that a party's consent to the marriage was obtained by fraud, and (2) that the marriage between the parties was never consummated although otherwise valid.

A court will not decree annulment of a marriage in the absence of clear and substantial proof that an annulment is justified. The evidence must be clear, distinct and satisfactory. (4 American Jurisprudence 2d 497, Section 83.)

A marriage may be annulled where the evidence is clear and convincing that the party who seeks the annulment was intoxicated to such an extent at the time of the marriage that he or she did not know what he or she was doing, or that he or she was under duress, or that he or she was fraudulently induced to

enter the marriage relation. (4 American Jurisprudence 2d 496, Section 82.)

The evidence is not clear and convincing in this case that the plaintiff was intoxicated at the time of the marriage to such an extent that he did not know what he was doing or that he was under duress.

It is well settled that concealment of pregnancy may be ground for annulment. Where a woman is pregnant at the time of a marriage with another man, and conceals her condition, and the fraud is not discovered until after the marriage, the marriage may be voided, if separation takes place immediately after the discovery. (35 Ohio Jurisprudence 2d 537, Section 42.)

Where a man knows of the prenuptial pregnancy of his wife, it is no ground for divorce or annulment and it has been held that where a man marries without knowledge of his wife's pregnancy, annulment will be denied if prior to the marriage he had sexual relations with her. (4 American Jurisprudence 2d 467, Section 39.)

The court must therefore conclude that the claim of fraudulent contract has not been established by clear and convincing evidence.

The plaintiff also claims that the marriage between the parties was never consumated although otherwise valid.

In *Franklin* v. *Franklin*, 154 Mass. 515, at page 516, 28 N. E. 681, 682, 26 Am. St. Rep. 266, 267, 13 L. R. A. 843, 844, the following appears:

"The consummation of a marriage by coition is not necessary to its validity. The status of the parties is fixed in law when the marriage contract is entered into in the manner prescribed by the statutes in relation to the solemnization of marriages."

In *Love* v. *Love*, 181 Iowa, 930, 171 N. W. 257, the court held "that the consummation of a contract for a present marriage does not depend upon cohabitation for a period of time, but such contract, like other contracts, is complete when made."

It was held in *Robertson* v. *Robertson*, 262 Ala. 114, 77 So. 2d 373, that the fact that parties did not live together after marriage was unavailable as evidence in a suit to annul a marriage, as a marriage is complete following solemnization, without cohabitation.

In *Schibi* v. *Schibi*, 136 Conn. 196, 69 Atl. 2d 831, the court held that while in a suit to annul a marriage, a court may take into consideration whether there has been cohabitation or not, the fact that there has been none subsequent to the marriage is not of controlling importance, particularly where there has been prior sexual intercourse. See 4 American Jurisprudence 2d 441, Section 1.

The evidence in this case reveals that the parties did not set up housekeeping after the marriage or live together in the home of a relative. The plaintiff claims that he did not have sexual relations with the defendant after the marriage ceremony. The defendant says she did have on a number of occasions.

Assuming that there was no coition after the marriage, this is not a ground for annulment based on lack of consummation if the defendant is ready and willing to live with the plaintiff and he refuses.

*Judgment accordingly.*